Per Curiam,
This was not a judgment recovered against the decedent in his lifetime, but against his administrator after his death. Had it been a judgment against the decedent, it must be conceded it would remain a lien upon his land in the hands of his heirs. It was recovered against the administrator May 20, 1878. Judgment was obtained against the heirs Jan. 15, 1879, ■and it was therefore a valid lien against the lands of the decedent for five years from that date. The lien expired Jan. 14, 1884. It could have been continued by a scire facias, but this was not ■done, and the lien upon the land was lost. The learned auditor correctly held that, as the judgment had lost its lien when the land was sold, it could not participate in the distribution of the fund xaised from the sale. The appellant contends, however, that, if the lien is gone, the order of the orphans’ court for a sale of the land for the payment of debts, made in 1874, when the debt was a lien, has the effect of a trust to pay all debts existing at that time. This position cannot be sustained. An order of sale for the payment of •debts creates no trust; it is a mere authority to sell for the payment ■of such debts as may bé a lien upon the lands. If, pending the ■execution of the order, a lien is suffered to expire, it ceases to be operative so far as the lands are concerned, and the holder must look to the personal estate. Nor is there any force in the position that the lien was good against Bobert Gray and Bebecca Tyler, parties to the scire facias. The judgment against them was de terris; it was not a, personal judgment. We find no error in this record.
Judgment affirmed.
Note. — In Arndt’s Ap., 117 Pa. 120, it is said that the question of lien, or the running of the statute, is determined hy the status of the claim at the time of the . confirmation of the sale.
In Keyser’s Ap., decided Jan. 28,1889, to he reported in 23 or 24 Pa., it is decided, in an opinion hy Paxson, O. J., that a demand made upon executors for the jpayment of a debt accruing in the life-time of the testator, "will not stop the running of the' statute, overruling language in the first opinion in Yorks’s Ap., . 110 Pa. 76, to the contrary.