## Bricker's Estate.

*Decedent's estates—Lien of debts—Sale—Partition.*

Where a decedent's real estate is sold in partition, and the sale confirmed within two years from the death of the decedent, and there is no agreement among the heirs that all liens shall be paid out of the fund realized by the sale, the land is sold subject to the lien of decedent's debts, and a creditor of the decedent is not entitled to participate in the proceeds of the sale.

Argued Oct. 21, 1902. Appeal, No. 170, Oct. T., 1902, by Daniel Buchanan, from decree of O. C. Franklin Co., dismissing exceptions to report of auditor in estate of Samuel Bricker,

deceased.  Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Exceptions to report of H. H. Spangler, Esq., auditor.
The facts appear by the opinion of the Superior Court.

*Error assigned* was in dismissing exceptions to report of auditor.

*W. Rush Gillan*, of *Gillan* and *Gillan*, for appellant.—If the fund which is the object of this contest is made by the sale of the land of the decedent under proceedings in partition in the orphans' court, it is liable to be applied in payment of the intestate's debt: Wallace's Appeal, 5 Pa. 103; Snyder's App., 36 Pa. 166; Wilson's App., 45 Pa. 435.

*J. R. Ruthrauff*, with him *J. C. Rankin* and *W. U. Brewer*, for appellees, cited: Ramsey's App., 4 Watts, 71; Arndt's App., 117 Pa. 120; Com. v. Pool, 6 Watts, 32;  Wright v. Vickers, 81 Pa. 122; Dresher v. Allentown Water Co., 52 Pa. 225; Wilson's App., 45 Pa. 435; Stoner's Estate (No. 2), 8 York, 27; Parkinson's Est., 1 Del. Co. 349; Miller's Estate, 9 Pa. Dist. Rep. 510.

OPINION BY W. D. PORTER, J., January 20, 1903:

Samuel Bricker died, on April 21, 1899, intestate.   No letters of administration have ever been granted upon his estate.   He died seized of a tract of land in Franklin county, upon which the claim of the appellant, not being of record, became a lien and so continued for the period of two years from his death.   A proceeding in partition of this land among the heirs of Bricker was instituted in the orphans' court of Franklin county, on February 5, 1900, and was so proceeded in that J. C. Rankin, Esq., was appointed trustee to make sale of the land, and the sale made by said trustee was duly confirmed by the court on November 27, 1900.   The appellant did not take the steps necessary to continue his lien upon the land beyond two years from the death of Bricker.   The trustee filed his account on June 18, 1901, and an auditor was appointed to distribute the fund realized from the sale.   The appellant

presented his claim against the decedent's estate alleging a right to be paid out of this fund. The court below held that the claim was not entitled to participate in the distribution, hence this appeal.

Had the trustee, with the acquiescence of the heirs, sold the land with an understanding and agreement that all liens should be paid out of the fund realized from the sale the purchaser would have had an equity to demand that the fund should be so applied. Nothing of that kind appears to have been done. The case involves only the effect of the sale in partition upon the lien of appellant's claim on the land, for if the lien was divested from the land and transferred to the fund, the status of the claim at the time the sale was confirmed must determine the right to participate in distribution: Arndt's Appeal, 117 Pa. 120. If the lien was not divested by the sale, the appellant never had any claim upon the fund. The sale in partition was made and confirmed within two years after the death of Bricker, and the effect upon the lien of claims against his estate is governed by the 42d section of the Act of February 24, 1834, P. L. 70. The question is squarely ruled by Wilson's Appeal, 45 Pa. 435. The sale did not devest the lien upon the land, and the claim is not entitled to participate in the distribution of the fund.

The decree of the court below is affirmed.