## Golden's Estate.

*Decedents' estates—Orphans' court sale—Sale for payment of debts—Confirmation—Delivery of deed—Vacation of confirmation—Notice to creditor.*

1. Where an orphans' court sale for the payment of a decedent's debts has been ordered, made and confirmed within two years from the death of the decedent, the fact that the two years' limitation period expired three days after the decree of confirmation, and before the full consummation of the sale by payment of purchase money and delivery of deed, furnishes no ground for vacating such decree.

2. In such a case a creditor of the decedent has such an interest in the decree of confirmation as entitles him to notice of, and an opportunity to be heard on, the administrator's application to vacate the decree.

Argued Dec. 16, 1913.    Appeal, No. 191, Oct. T., 1913, by Harry A. Golden, from decree of O. C., Phila. Co., April T., 1910, No. 576, on bill of review in Estate of Thomas Golden, deceased.    Before Rice, P. J., Henderson, Orlady, Head and Porter, JJ.    Affirmed.

Petition for bill of review.

Lamorelle, J., filed the following opinion:

Thomas Golden died April 16, 1910, intestate leaving a widow and children surviving.    On August 11, 1910, Samuel A. Topham, as administrator, petitioned this court for leave to sell premises No. 8430 to 32 Germantowne avenue, for the payment of decedent's debts, and such order was made.    John B. Miller bought the property at public sale, March 13, 1912, for $8,100.

The administrator made due and proper return of his proceedings, and the widow and children acquiesced therein and joined in the prayer of the petition that such sale should be confirmed.    Accordingly, on April 13, 1912, three days before the lien of debts expired (see Act of May 3, 1909, P. L. 386), the sale was confirmed, and the administrator directed to enter security as required by the act of assembly.

Early in July, 1912, the administrator presented his petition alleging, inter alia, that John B. Miller had "failed to comply with the terms of the sale within the time allowed by law," and that the conveyance was never made. His petition further stated that John B. Miller was ready and willing to purchase the premises at the price of $8,100 from the "heirs," they having agreed to sell for such sum. On July 8, 1912, the decree of confirmation theretofore entered was vacated.

The account of Samuel A. Topham as administrator, consisting entirely of personalty, was filed in the fall of 1912, and was called for audit October 11 of that year, Claims were presented, aggregating $2,918.22, and a dividend was paid amounting to 3803, leaving unpaid the sum of approximately $1,800.

Ellicott-Fisher Company, a creditor, now files its bill for review of the adjudication. The administrator, the widow and children of Thomas Golden and John B. Miller, answer, setting up as their defense that the rights of creditors do not attach until delivery of the deed, which delivery must be within two years from the date of decedent's death.

The question therefore comes before us on petition and answer.

The decree of July 8, 1912, vacating the confirmation of the sale, was inadvertently made. Creditors whose claims became seated upon the fund because of such prior confirmation—see Kier's Est., 27 Pitts. Law J. 129—were not notified, and therefore were not heard. The question was of vital importance, as it not only affected their remedy, but, in effect, nullified their claims. Moreover, there was absolutely no reason why the administrator, qua administrator, should have asked for such a decree, but every reason why he should have opposed it. His duty was to the creditors. The personalty was, to his own knowledge, insufficient to pay the debts. The "heirs," the only parties benefited, might have sought to set aside the confirmation as

detrimental to their rights, but the administrator, never.

In Arndt's App., 117 Pa. 120, the facts were as follows: Arndt died May 18, 1872. A petition for sale of real estate for 'payment of his debts was presented May 28, 1874. Two tracts of land were sold, and the sale was confirmed November 14, 1874. Settlement, however, was not made until December, 1883, at which time the purchase money was paid. At the audit of the account March 20, 1885, all creditors whose claims were not barred by the statute at the time of the confirmation of the sale were allowed to participate in the distribution. Said Mr. Justice STERRETT, "Lien creditors who were such at that time are entitled to their respective shares of the fund realized, and delay of the court in decreeing distribution cannot deprive them of their rights. By the act of the court in confirming the sales, the rights of appellant and others, as they then stood, were fixed; and so far as the question of limitation is concerned, they were unaffected by the subsequent delay in distributing the fund."

The facts in the cases relied upon by respondents are not in conflict with this authority. For instance, in Schmidt's Est., 182 Pa. 267, decedent died June 24, 1890; a sale was made under the Act of June 12, 1893, P. L. 461, which was in due course confirmed, and settlement made on April 1, 1896. The claims of creditors were not in question, and the point was whether a daughter of decedent, who died between the dates of confirmation and of settlement, took the fund as real estate or as personal property. This act of June 12, 1893, is in the nature of a proceeding in partition, where all parties in interest desire a sale and distribution of the proceeds, and not a partition and division; and it provides "that such sale shall have the same effect in all respects as a public sale in proceedings in partition of real estate under existing laws." It was held that her share was distributable as real estate, and that her

husband, she leaving no children surviving, took a life estate in her share, with remainder to her heirs at law. In Greenough v. Small, 137 Pa. 132, Youngman died April 9, 1880, intestate. A sale for the payment of debts was made January 16, 1884, which sale was never confirmed. The interest of one of the heirs at law was levied upon, sold and purchased by the creditor, who brought an action of ejectment against the purchaser under the orphans' court sale, who had taken possession and paid his money to the administrator. The question here did not involve the rights of creditors; and, even if it had, the creditors were barred, because of non-confirmation within the statutory period: see Bindley's App., 69 Pa. 295.

Both of these cases correctly state the law, but they have no bearing on the question now before the court. No one disputes the proposition that, until a delivery of the deed, the title remains in the heirs. That title, however, which vests in them as of the date of the death of the decedent, is subject to the lien of his debts for a period of two years; and, if a sale be made and confirmed within that period, such title is liable to be absolutely divested when and if settlement is made. A sale of this character is the act of the court and is subject to its approval and confirmation; but, as confirmation may not be followed by the execution of the deed and payment by the purchaser, the title is not affected until such settlement is made, but any conveyance by the heirs is necessarily subject to the superior rights of creditors and of the administrator acting as the agent of the court. The title of the heirs is only completely divested by the delivery of the deed; until then, the sale is in fieri, because subject to the control of the court. When the sale is confirmed, the amount bid becomes due from the bidder, and, if he fails to make payment, it is the duty of the administrator to tender a deed and bring suit for the purchase money, if the bidder refuses to abide by his contract.

304          GOLDEN'S ESTATE.

Opinion of Court below—Opinion of the Court.   [56 Pa. Superior Ct.

The decree so inadvertently entered as above is vacated, and the decree of confirmation reinstated; a majority of the court being of opinion that a review should be had, that prayer of the petition is granted.

*Error assigned* was the decree of the court.

*Maurice Bower Saul*, with him *Jesse S. Shepard* and *John G. Johnson*, for appellant.—The title of the heir is not divested until the consummation of the sale by the delivery of the deed: Schmid's Est., 182 Pa. 267; Bindley's App., 69 Pa. 295; Greenough v. Small, 137 Pa. 132; Strange v. Austin, 134 Pa. 96; Emerick's Est., 172 Pa. 191; Demmy's App., 43 Pa. 155; Leshey v. Gardner, 3 W. & S. 314.

*Trevor T. Matthews*, for appellee.—The Supreme Court of Pennsylvania has decided this case flatly and squarely in Arndt's App., 117 Pa. 120.

Arndt's appeal has been approved by this court in the recent case of Wolff's Est., 52 Pa. Superior Ct. 241.

OPINION BY RICE, P. J., February 20, 1914:

The principal question in this case is as to the effect upon the rights of creditors of the confirmation, within two years after the death of the decedent, of an orphans' court sale for payment of debts. It is contended by the appellant that, notwithstanding such confirmation, if the sale be not consummated by execution and delivery of deed within the two years, the heirs hold the land free and clear of the debts of creditors who have not brought suit within that period. If this position be correct, the creditor who is the appellee here had no standing to question the decree vacating the decree of confirmation, although the vacating decree was made without notice to him. But we think that the position taken by the appellant, who is one of the heirs of the decedent, is not correct. True, the title of the heirs which vests upon the death of

the decedent is not completely divested by a mere confirmation of an administrator's sale for payment of debts. Thus, if one of the heirs dies subsequently to the confirmation of the sale, but before the deed has been executed and delivered, his interest descends as land, and not as money: Schmid's Est., 182 Pa. 267. So, also, though the purchaser has paid the purchase money and taken possession, the sale being unconfirmed and deed not delivered, the heir at law or his vendee may recover in ejectment: Greenough v. Small (2), 137 Pa. 132. Applying the same general principle, it has been held that the heirs are entitled to the rents accruing between the confirmation of an orphans' court sale and the delivery of deed to the purchaser, and the payment thereof to the purchaser is no defense to an action by the heirs therefor: Strange v. Austin, 134 Pa. 96. These, and other cases therein cited, illustrate the general principle as to the nondivestiture of the title of the heirs by mere confirmation of a sale for the payment of debts. But they do not bear directly upon the question as to what effect such confirmation has upon debts which have not been barred at that time. Nor do Bindley's App., 69 Pa. 295, and Emerick's Est., 172 Pa. 191, although relating to the rights of creditors, rule the precise question before us. The point decided in the former case was, that where an order for the sale of real estate was made within the five years, but the sale was not made until after the expiration of that period, the lien of debts was gone as against the heirs at law, and this too, although the creditor had proved his claim and been awarded a dividend in the distribution of the fund realized from a sale, within the five years, of another part of the real estate. Emerick's Estate rests on the controlling facts that the sale under which the particular fund in controversy was realized was both made and ordered more than five years after the death of the decedent, and that the creditors had not begun suit nor done anything to extend the lien of their debts beyond the five years' limitation period fixed by the act of February 24, 1834, P. L.

70. In the present case the sale was not only ordered and made, but was also confirmed, before the expiration of the two years' period fixed by the existing statute, and the appellee's debt was one of the debts scheduled in the petition for the order of sale. These facts bring the case within the rule thus stated in Arndt's App., 117 Pa. 120: "The rights of the respective parties are fixed by the confirmation of sale. Lien creditors who were such at that time are entitled to their respective shares of the fund realized, and delay of the court in decreeing distribution cannot deprive them of their rights. If there is any question as to the lien of a debt, or whether it is barred by the statute of limitations, the status of the claim at the time the sale was confirmed must determine it. Whether it be a debt of record or not, if it was then a lien on the land sold and was not then barred by the statute of limitations, it is entitled to participate in the distribution of the fund, provided it is not all exhausted by prior liens." See also Wolff's Est., 52 Pa. Superior Ct. 241, where the principle was fully recognized. When this unambiguous utterance of the Supreme Court is read in connection with the facts of the case in which it was made, there can be no doubt that the decision is authority in the present case for two propositions: first, the appellee creditor had such interest in the decree of confirmation as entitled it to notice of, and an opportunity to be heard on, the administrator's application to vacate it; secondly, the fact that the two years' limitation period expired three days after the decree of confirmation and before the full consummation of the sale by payment of purchase money and delivery of deed, furnished no ground for vacating that decree. It follows that the court was right in setting aside the vacating decree thus inadvertently made, and reinstating the decree of confirmation.

For a more detailed statement of the facts of the case and a fuller discussion of the legal principles applicable thereto, we refer to the opinion of the learned judge of the orphans' court.

The decree is affirmed at the costs of the appellant.