## Kuhn's Estate.

*Jurisdiction, O. C.—Sale of decedent's lands for debts—Confirmation after expiration of lien—Fiduciaries Act of June 7, 1917.*

Under section 5 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447, restricting the lien of decedent's debts and of the cost of administration to one year after the decease of the debtor, the Orphans' Court is without jurisdiction to confirm a sale of decedent's lands for the purpose of paying debts and costs of administration after the year has expired.

Exceptions to master's report. O. C. Phila. Co., April T., 1916, No. 273.

*John A. Boyle*, for petitioner; *Evan B. Lewis*, for administrator.

GUMMEY, J., Dec. 29, 1922.—The presumption of the death of John Kuhn having been made out, a final decree was entered on Sept. 27, 1919, directing the Register of Wills to issue letters of administration on his estate.

The supposed decedent left no personal estate, but died seized of certain real estate, which the administrators of his estate, by decree entered Oct. 21, 1919, were authorized to sell for the payment of his debts and the costs of administration; thereupon, in pursuance of said decree, the premises were, on Nov. 28, 1919, sold at public sale to one of the parties in interest, namely, to John G. Kuhn, who was the highest and best bidder, at the price of $1100, of which he paid to the auctioneer $200 on account of the purchase price and the balance, with the consent of the administrators, he paid on Dec. 5, 1919, to their then counsel, who was at that time a member of the bar of this court, but who has since left the jurisdiction without making settlement with his clients.

No return was made to the order of sale, nor was security entered by the administrators as required by the decree of Oct. 21, 1919, and on Aug. 6, 1920, a citation issued, directing the administrators to show cause why they should not enter security and make return to the order of sale and ask for the confirmation thereof; to which answer was made, and thereafter the matter was

2 D. & C.

allowed by the parties to rest until May 5, 1921, when, on motion, the proceedings were referred to a master to determine certain questions of fact raised by the answer. On Feb. 17, 1922, the master filed his report, in which he passed upon the questions of fact, but made no recommendation concerning the prayer of the petition. It is upon exceptions to his report that the matter is now before us.

Prior to the passage of the Fiduciaries Act of June 7, 1917, P. L. 447, the statutory provisions relating to the lien of a decedent's debts did not apply to the cost of settling his estate, but the Fiduciaries Act of 1917, section 15 (a), places these costs on the same plane as the debts of a decedent, and limits the lien of both to one year instead of two, as formerly.

This being the estate of a supposed decedent, it is a debatable question whether the time limited by the act began to run on the date upon which the presumption of death arose, or on the date of the entry of the final decree; that is, Sept. 27, 1917. Assuming, however, for the purposes of this opinion, that time did not begin to run until Sept. 27, 1919 (see In re Inheritance Tax, opinion of Deputy Attorney-General, 1 D. & C. 502), it is clear that it is now too late to confirm a sale which should have been confirmed before the expiration of one year from the time the lien attached. The lien of the simple contract debts of a decedent expires at the end of one year from the date of his death, and unless a sale is confirmed within that time, a creditor who has not brought suit or reduced his claim to judgment loses his lien and is not entitled to be paid out of the fund raised by the sale; in other words, the date of the entry of the decree confirming the sale determines whether a creditor has or has not a lien on the proceeds. (See the opinion of Lamorelle, J., affirmed by the Superior Court in Golden's Estate, 56 Pa. Superior Ct. 300, citing (at page 303) Bindley's Appeal, 69 Pa. 295. See, also, Morgan's Appeal, 110 Pa. 271, and Crawford's Estate, 221 Pa. 131.) In Crawford's Estate, 221 Pa. 131, a petition was presented under the Act of April 18, 1853, P. L. 503 (known as the Price Act), for the sale of real estate for the purpose of freeing it from the lien of debts not of record. Said Mr. Justice Brown, at page 133: "The single question is whether a public sale of real estate of a decedent, made within two years of his death by a trustee in pursuance of an order awarded under the Act of 1853 to relieve the land of the decedent's debts not of record, can be confirmed after the expiration of two years from his death?"

The question was decided in the negative. Mr. Justice Brown cites in his opinion cases which arose under the acts relating to sales by administrators for the payment of decedent's debts, and in reaching his conclusion says (page 136): "The question is not one of the heirs not objecting to the sale, but of the authority of the court to approve it. It has no authority to order or approve a sale except as given by the statute, and a sale made or approved by it without such authority is void. Consent of the heirs can give it none. They may sell the lands themselves after two years from the death of their ancestor, discharged of all his debts not of record, but the Act of 1853 gives no authority to the court to do so for them."

This same reasoning applies by analogy to section 15 (a) of the Fiduciaries Act of 1917.

In the case now before us the sale was ordered in 1919 for the purpose of paying the decedent's debts and the costs of administering his estate; and now that the lien thereof has expired, it is too late to decree confirmation. See, generally, Kirk v. Van Horn, 265 Pa. 549.

The prayer of the petition is refused for the reason above given; it is unnecessary to discuss the other questions raised by the exceptions.

Kuhn's Estate.

And now, Dec. 29, 1922, in pursuance of the opinion this day filed, the exceptions to the report of the master are dismissed and the prayer of the petition that the administrator enter security, make return to the order of sale and ask for the confirmation thereof is refused.

LAMORELLE, P. J., did not sit.