## Weidner's Estate

*Joseph E. Gehringer,* for accountant.
*Francis J. Gildner,* for Commonwealth.

GEARHART, P. J., October 10, 1940.—Katie E. Hoffman, administratrix of the estate of Manno Weidner, has filed her account. The estate is insolvent. The balance for distribution among creditors is $334.66, and represents proceeds of real estate sold by order of court for the payment of debts. Decedent died April 3, 1939. The sale was confirmed March 7, 1940. This brings us to the dispute in the matter.

The accountant has proposed that the fund be distributed to Irwin D. De Long and H. E. Stephen for funeral expenses, as preferential claims, in accordance with section 13 (*a*) of the Fiduciaries Act of June 7, 1917, P. L. 447. The Commonwealth of Pennsylvania, through its counsel, objects to the proposed distribution, arguing that the creditors have not complied with section 15 (*a*) of the Fiduciaries Act; therefore, they can only share in the proceeds as general creditors on an equal footing with the Commonwealth.

Section 15 (*a*) of the Fiduciaries Act, supra, provides in part:

"No debts of a decedent, including the cost of settlement of the estate and the funeral expenses of the decedent . . . shall remain a lien on the real estate of such decedent longer than one year after the decease of such debtor, unless within said period an action for the recovery thereof be brought against the executor or administrator of such decedent . . ."

This section of the act provides a means whereby a creditor can keep alive the lien of his claim against a decedent's real estate beyond the one-year period provided aforesaid: Kirk v. Van Horn et al., 265 Pa. 549, 551; Brennan's Estate, 277 Pa. 509.

In the instant case the claims of De Long and Stephen, as well as the Commonwealth of Pennsylvania, were liens against the real estate of decedent from the time of his death until the confirmation of the sale by the orphans' court on March 7, 1940. The effect of the sale, and the confirmation by the orphans' court, was to divest the lien of the debt as to the land sold and seat the claim of the lien creditor on the fund raised: Arndt's Appeal, 117 Pa. 120, 126, 127; Golden's Estate, 56 Pa. Superior Ct. 300, 305, 306; Wolff's Estate, 52 Pa. Superior Ct. 241.

Confirmation of judicial sales fixes the rights of creditors whose debts are at the time liens, and they are not affected by delay in distribution: Arndt's Appeal, supra; Golden's Estate, supra; Freeman's Estate, 7 D. & C. 59.

Since the rights of the lien creditors as respects the fund became fixed as of March 7, 1940, the lien was divested on that date. It would be an anomaly to require a creditor to proceed to suit and index the same as required by section 15 (a) of the Fiduciaries Act, after the sale made for the payment of debts. The very purpose of the sale confirmed March 7, 1940, was to raise funds to pay claimants who had a lien on the real estate. As stated before, the effect was to seat the claim of lien creditors on the fund, and De Long and Stephen in this case were lien creditors.

By section 13(*a*) of the Fiduciaries Act funeral expenses receive preferential treatment. The act provides:

"All debts owing by any person within this State at the time of his decease shall be paid by his executors or administrators, so far as they have assets, in the manner and order following; namely,—One, funeral expenses, medicine furnished . . ."

The assets in the hands of the accountant flowed from real estate, which in Pennsylvania from the earliest days has been available for the payment of a decedent's debts. See Kirk v. Van Horn et al., supra. Accordingly, we rule that the funeral bills take preference over the claim of the Commonwealth, and will be paid to the extent of available funds.

The two cases on which the Commonwealth relies are not apposite here. Thus, in Byham v. Schrubb, 24 Dist. R. 170, it appeared that Herman Hosterman died intestate on July 28, 1910. Subsequently, the heirs at law conveyed their interest in the real estate to one William Hosterman. On January 21, 1911, a judgment was entered of record against William Hosterman. On November 11, 1913, the real estate was sold on foreclosure proceedings. The question arose as to whether the surplus fund was to be distributed to the undertaker as a part of Herman Hosterman's estate, or to the judgment creditors of William Hosterman, the owner of the land at the time of the sale. It was ruled that the fund belonged to the judgment creditors, the undertaker not having preserved his lien against the real estate by bringing suit and indexing the same within two years (now one year) as required by the statute. A different situation exists here.

In Estate of Michael Laziansky, 29 Schuyl. L. R. 181, the court refused to permit the creditor for funeral expenses to participate in the fund raised from the sale of real estate for the reason that claimant had not prosecuted her claim in accordance with section 15(*a*) of the Fiduciaries Act, as amended by the Act of June 7, 1919, P. L.

412. The report of the case does not show when the sale was confirmed. We assume it to have been after the expiration of one year from decedent's death, and of course claimant, not having kept her lien alive, lost all claim against the real estate: Updegrave's Estate, 4 Schuyl. Reg. 9 (1936) ; Negley v. Reiser, 324 Pa. 190, 192; Kirk v. Van Horn et al., supra; Brennan's Estate, supra.

And now, October 10, 1940, the account is confirmed as stated. Distribution will be made as set forth in the petition for distribution. In the absence of exceptions filed within ten days herefrom, such confirmation shall become absolute, as of course.