The opinion of the Court was delivered by
Gibson J.
Joseph Ferree, the intestate, left a widow, a brother, and the issue of two sisters. By an inquisition taken on the real estate, for the purpose of making partition, it was found that the property could not be divided, without ánjury to the whole, and it was appraised according to the intestate laws. The heirs severally appeared, and refused to take at the valuation, and an order of sale was obtained and renewed from time to time, till the property, after the lapse of a few years, was sold. In the meanwhile, David Ferree, the brother of the intestate, had died ; and Hannah, one of of his children, had intermarried with the plaintiff, and had also died a short time before the sale : so that the question is, whether her interest in her father’s portion of the estate, was real or personal at her death ? If personal, the plaintiff would be entitled to the whole, as her administrator : if real, he would be tenant by the curtesy of the money, and entitled only to the interest; the principal having descended to the heirs before it was turned into money.
This is a plain case, and one about which little need be said. The counsel for the plaintiff, rest the argument on a supposed analogy between it, and the case of land stipulated to be turned into money, which, in-equity, is always to be taken as money. But there is no point in which the analogy holds. In the first place, there is no stipulation in the case, there being no contract with a purchaser : and in the second, the matter is not to be considered as in equity at all; and if it were, it would be so much the worse for the plaintiff’s pretensions. If he were claiming the aid of a chancellor exercising his powers in the ordinary mode, he would not be suffered to touch even the personal estate of the wife, without an adequate settlement; but he would not be assisted on any terms, in turning her land into money. No one more highly appreciates the policy and general effect of our intestate laws than I do ; yet the frequent transmutation of the real estate of married women into personalty, is one of the oppressive consequences of their operation, and of our want of the specific powers of a Court of Chancery, which every jurist *315 must regret. It never was an object with the Legislature, to transfer the real estate of the wife to the husband, as if it were personal; for in breaking in on the common law rules of descent, care is taken in other parts of those laws, to prevent the estate from passing to those who are not of the blood of the first purchaser; and those of the half blood are suffered to inherit in preference to the more remote kindred, only where the estate has been acquired by the intestate himself. Had it been foreseen that a contrary result would be produced by turning a wife’s land into money, it would doubtless have been prevented. For myself, I shall never consent to give effect to a claim by the husband, or those in his stead, to what was at any time the wife’s real estate, where it is possible to defeat it by any construction, however forced. Here, however, the husband is pursuing a supposed legal right, without a particle of equity ; to support which’ would require a violent and unnatural construction the other way. The order of sale could not have the effect of changing the nature of the estate of those entitled, unless it had, at the same time, the effect of divesting their interest in the land ; and that cannot be pretended; for it would be monstrous to say, they should not maintain an action for an injury to the freehold, committed after the order was made, for no one else could. It is clear their interest would be bound by a judgment; and that they would be subject to a payment of taxes, and every other incident of ownership. Why, therefore, should not tne land be subject to the rules of descent ? I take it, then, that persons entitled under the intestate acts, are, in every respect, and for every purpose, complete owners of the land, till their interest is divested by a sale and confirmation: for till that takes place, the proceedings are but in fieri.
This decision renders it unnecessary to decide on the other grounds taken here by the plaintiff in error. The claim by the defendant in error to the interest, is not disputed; but by the terms of the agreement, attached to the case as stated for the opinion of the Court below, it is not a matter litigated in this suit. The judgment therefore is reversed.
Judgment reversed,