## Commonwealth *against* Pool.

An administrator, having in his hands the proceeds of his intestate's real estate, made by a sale in partition, may apply the same, in the event of a deficiency of personal assets, to the payment of debts of the intestate not barred by lapse of time ; but may not apply them to the payment of a debt, the lien of which upon the intestate's estate was lost.

The limitation annexed to the lien of debts, by the act of 1797, is not exclusively 'for the security of purchasers; heirs are equally the objects of its protection.

ERROR to the common pleas of *Dauphin* county.

Debt upon a recognizance in the orphans' court, for 23,595 dollars, conditioned for the faithful discharge of the duties of Jacob Hise and John Lowman, in making sale of the real estate of John Hise, deceased, and paying over the proceeds as the said court should decree.

The action was brought by the Commonwealth for the use of John N. Millemore and wife, who was a daughter of John Hise, deceased, against Samuel Fool, a co-cogniser with Jacob Hise and John Lowman, administrators of John Hise, deceased.

The plaintiff gave in evidence a proceeding in partition in the orphans' court of Dauphin county, upon the petition of Jacob Hise, one of the children of the intestate, which resulted in an order to the administrators of John Hise, deceased, to make sale of the estate, and they then entered into the recognizance upon which this suit was brought. The plaintiff then gave in evidence the return of the sale by the administrators, upon which a decree of distribution was made by the orphans' court, awarding to each child the sum of 1114 dollars 90 cents. To recover this sum the present suit was brought. The defendant resisted the plaintiff's recovery upon the ground that there were debts of the intestate to which the administrators had applied the proceeds of the sales of the real estate, and as evidence of it produced and gave in evidence two administration accounts, settled by them in York county, in which they had charged themselves with the amount of the sales of the real estate, and obtained credit for certain debts paid by them. This evidence was objected to by the plaintiff, mainly upon the ground that the decree of distribution among the heirs, of the proceeds of the sale of the real estate, by the orphans' court of Dauphin county, was conclusive, and the administrators had no power to make any other appropriation of them; but the court below being of a different opinion, received the evidence, and sealed a bill of exceptions at the instance of the plaintiff.

The defendant offered in evidence also a judgment of Martin

Rupp against the administrators of John Hise, deceased. John Hise died in 1819, and this judgment was obtained in a suit brought against his administrators, in 1835, founded upon an account against the intestate, from 1814 to 1817, of 1073 dollars 56 cents. The plaintiff objected to the evidence, on the ground that the debt was barred by the act of 1797, in favour of the heirs; but the court received the evidence, and in their charge to the jury, said that it was a valid claim upon the money in the hands of the administrators. This was, also, the subject of exception.

*J. A. Fisher*, for plaintiff in error.
*M'Cormick* and *M'Clure*, for defendant in error.

The opinion of the Court was delivered by

Gibson, C. J.—The only exception sustained or entitled to remark, was taken to the charge in relation to the lien of the decedent's debt to Rupp. If money, the representative of land, converted for partition, follows the nature of its principal, the lien is confessedly gone; and it is decisive that the conversion was for distribution among heirs and not creditors. The executor or administrator, having the money in hand, may undoubtedly apply it, in the event of deficiency of personal assets, to debts not barred by time; but only because another order to sell would be nugatory; and thus his indirect power over the fund, like the conversion of it, is the creature of necessity. That power is collateral to the purpose, which is not to pay but distribute; and that there is a conversion at all, is a defect that is endured because it cannot be avoided, but it is tolerated no further than is necessary to accomplish the end it was intended to serve, the money being land for every thing else. Equitable conversion is dependent on the particular object to be attained by it, insomuch, that if the property be more than sufficient for it, the surplus passes, at the next transmission, as if it had not been converted at all. Leigh and Dalzell, 2 *L. L.* 1. A sale for partition, therefore, works a conversion of the form without a transmutation of the essence; and this distinguishes it from a sale for payment of debts, of which transmutation is the primary and entire intent. So far was this distinction carried by us, in Greider *v.* M'Clay, 11 *Serg. & Rawle* 224, that even a surplus, after payment of debts, was held to belong to the administrator, and not the heir; in which I thought established analogies were transcended. In every judicial sale for payment of debts, however, the money raised for the object, is in a course of administration, and no process lies against it to enforce or continue a lien on it; but money, raised incidentally by process of partition, is land in another form, and attended with inheritable qualities. In Ferree *v.* Elliott, 8 *Serg. & Rawle* 312, we held the transmutation to be incomplete before the confirmation of the sale. Its completion, however, so far as it depends on construction, ought, in justice to the interests affected,

VI.—E

to be deferred to the last practicable moment, which I take to be that at which payment over is made, or a security for it is accepted. Being land, then, for purposes of descent, why is not the money land for purposes of lien? If the limitation annexed to the lien by the act of 1797, were exclusively for the security of purchasers, there would be sufficient reason to hold the debts to be an indefinite charge; but as the heirs are equally objects of protection, there is no more reason to dispense with the injunctions of the statute, where the form of the property has been changed, in respect to the one than there is in respect to the others; in both cases the mischief to be remedied by it is the same. And no injustice is done by this to the creditor, who may secure his debt, by simply bringing and prosecuting an action or filing a statement of his demand within the seven years; in neither case an onerous precaution. The point is entirely within the principle of Kerper *v.* Hoch, 1 *Watts* 9; and the debt ought not to have been allowed as a charge on the fund in the hands of the administrators.

Judgment reversed, and a *venire facias de novo* awarded.