## Garrett, Appellant, *v.* Moore.

*Decedents' estates—Decedents' debts—Lien on real estate—Act of June 14, 1901, P. L. 562—Husband and wife—Promissory note —Conveyance in fraud of creditors.*

Where a husband gives his wife a promissory note payable at his death, and after the death of his wife conveys all of his real estate to his son in consideration of the latter supporting him for life, the executor of the wife cannot after the death of the husband maintain a bill in equity to declare the deed to the son fraudulent and void as to the wife's estate and for a decree that the property conveyed by the deed should be liable for the note, where it appears that the lien of the debt represented by the note had not been continued as required by the Act of June 14, 1901, P. L. 562, and that the decree if entered would be of a date more than two years after the death of the decedent; and this is true, even if the conveyance to the son had been in fraud of the wife's estate.

Argued Jan. 29, 1912. Appeal, No. 304, Jan. T., 1911, by plaintiff from decree of C. P. Montgomery Co., Oct. T., 1908, No. 7, dismissing bill in equity in case of William Garrett, Surviving Executor of the Estate of Mary Ann Moore v. Elisha H. Moore. Before FELL, C. J., BROWN, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity to declare a deed void. Before WEAND, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned,* was decree dismissing the bill.

*Joseph deF. Junkin* and *William I. Schaffer,* with them *Montgomery Evans,* for appellant.

*L. M. Childs,* with him *O. B. Dickinson,* for appellee.

OPINION BY MR. JUSTICE BROWN, March 18, 1912:

On November 6, 1869, John H. Moore executed and delivered to his wife, Mary Ann Moore, his promissory note for $6,000, payable, upon his death, to the order of a trustee for her. She died January 27, 1897, leaving a will, of which the appellant is the surviving executor, and the said note given by her husband is part of her estate. John H. Moore died January 27, 1907. On September 24, 1902, he conveyed to his son, Elisha H. Moore, the appellee, the lots or pieces of land in controversy for a consideration named in the deed of $4,800 in cash. As a matter of fact the real consideration for the conveyance was the agreement of the son to provide a home for the father and to care for him for the rest of his life. When Moore died he was insolvent, his personal estate being insufficient to meet the administration expenses. On November 24, 1908, this bill was filed by the appellant to have the deed from John H. Moore to his son declared fraudulent and void as to his wife's estate, and for a decree that the property conveyed to the son should be liable for the payment of the $6,000 note. Upon a hearing on bill, answer and testimony taken by both sides, the bill was dismissed by the court below on November 3, 1911, for the reason, among others, that the conveyance by John H. Moore to the appellee had not been executed in fraud of the rights of his wife's estate.

Whether the conveyance of Moore to his son was

fraudulent and void as to the estate of his wife, which held his note for $6,000 at the time it was made, is an immaterial question, for, even if the court below had found that it had been fraudulently made and accepted for the purpose of avoiding payment of the said note, such a finding would not avail the complainant. It will, therefore, serve no useful purpose to pass upon the cor-rectness of the finding that the conveyance was not fraudulent and void.

The relief for which the complainant prays is a decree making the lots held by the son under the deed from his father liable for the payment of the note given to Mrs. Moore, his stepmother. The obligation was an unre-corded debt of the decedent, and became, at the time of his death, a lien, to continue for two years, against any real estate he might have then owned. This proceeding, in effect, is to have the real estate which he conveyed to his son declared to have still been his at the time of his death, so far as his wife's estate was concerned, on the ground that the conveyance, as to it, was void. Suppose it should be so held; of what avail would such a decree be to the complainant? Even if Moore had died actually seized of the lots, they would not now be liable for the payment of the note held by his wife's estate. His heirs or devisees, or their assigns, would hold them discharged from the lien of every unrecorded debt which had not been continued as required by the act of June 14, 1901, P. L. 562, in force at the time of Moore's death. That act provides: "No debts of a decedent, except they be secured by mortgage or by judgment entered or revived by scire facias within five years prior to the death of such decedent, shall remain a lien on the real estate of such decedent longer than two years after the decease of such debtor, unless an action for the recovery thereof be commenced, and be indexed in the judgment index as other liens are indexed against such decedent, his heirs, executors or administrators, within the period of two years after his decease, and duly prosecuted to judg-

ment." This statutory requirement was not complied with by the complainant, and no land of the decedent, the title to which stood in his name at the time of his death, or of which he may have fraudulently tried to divest himself for the purpose of defrauding his wife's estate, remained liable for his indebtedness to it after the expiration of two years from his death. The bill filed by the complainant against the son may have been a proper proceeding to have the deed to him declared void, if it had been fraudulently executed and he had fraudulently accepted it: Fowler's App., 87 Pa. 449; but no action for the recovery of the amount due upon the note had been commenced "and indexed in the judgment index as other liens are indexed against such decedent, his heirs, executors or administrators, within the period of two years after his decease," and the land has passed beyond the reach of complainant as an asset of Moore's estate for the payment of his indebtedness to his wife, no matter where the title may now be.

As the first reason given by the court below for dismissing the bill must be sustained, the others need not be considered. Decree affirmed at appellant's costs.