# Brennan's Estate.

*Decedents' estates—Liens—Failure of creditor to continue lien—Act of June 7, 1917, section 15, P. L. 447—Wills—Conversion.*

1. Statutes limiting the time within which suit must be brought to continue the lien of debts of a decedent are statutes of limitations and repose and as such can be taken advantage of, not only by bona fide purchasers of the realty in question, but also by the heirs and devisees of decedent.

2. Where there is a failure of personal assets with which to pay debts of a decedent, creditors who fail to establish a lien on the real estate as provided by the Act of June 7, 1917, section 15, P. L. 447, cannot participate in the proceeds of a sale of such property in absence of conversion by the will, even though the claim may have been allowed at the audit of the account.

3. To work a conversion by will there must be either a positive direction to sell, or an absolute necessity to dispose of property to execute the will, or such blending of the real and personal estate by testator as to clearly show an intention to create a common fund out of the proceeds of both and bequeathing such fund as money.

4. The law does not favor conversion, and there is nothing in the Act of 1917 to change the course of devolution by holding that a conversion takes place from the moment of testator's death, merely because authority is given to sell realty.

5. A devise of real estate to a wife for life or until remarriage, with a gift over to testator's children, with a mere power in the wife to sell, and distribute the proceeds, as directed, does not work a conversion.

Argued April 10, 1923. Appeal, No. 212, Jan. T., 1923, by William B. Shugars, a creditor, from decree of O. C. Schuylkill Co., Jan. T., 1922, No. 22, dismissing exceptions to adjudication, in estate of David J. Brennan. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Affirmed.

Exceptions to adjudication. Before WILHELM, P. J. The opinion of the Supreme Court states the facts.

Exceptions dismissed. Wm. B. Shugars, a creditor, appealed.

*Error assigned,* inter alia, was to confirmation of account, quoting record, but not to decree dismissing exceptions.

*R. J. Graeff,* and *A. L. Shay,* for appellant, cited: Vanuxem's Est., 212 Pa. 315; Hoch's Est., 28 Pa. Dist. R. 416; Keim's Est., 201 Pa. 609.

*Bernard J. Duffy,* for appellee, cited: Peterson's App., 88 Pa. 397; Hunt's App., 105 Pa. 128; Sheridan v. Sheridan, 136 Pa. 14; Darlington v. Darlington, 160 Pa. 65; Lindley's App., 102 Pa. 235; Reel's Est., 272 Pa. 135; Vanuxem's App., 212 Pa. 315; Severn's Est., 211 Pa. 65; Keim's Est., 201 Pa. 609; Chamberlain's Est., 257 Pa. 113; Davidson v. Bright, 267 Pa. 580; Cooper's Est., 206 Pa. 628.

OPINION BY MR. JUSTICE FRAZER, May 23, 1923:

David J. Brennan died October 24, 1918, leaving a will in which he devised and bequeathed one-half his real and personal estate to his wife, so long as she remained his widow, and in event of her remarriage directed her share should go to his children, to whom he also gave, in equal shares, the other half of his estate. His wife was appointed executrix with power to sell and dispose of any or all his property and divide the proceeds as directed. On February 14, 1919, a creditor of the estate began suit against the executrix; but judgment was not obtained until May 18, 1920. Neither was the action indexed in the judgment index of the county within a year after testator's death to continue the lien of the debt against decedent's property as required by section 15 of the Fiduciaries Act of June 7, 1917, P. L. 447. In October, 1921, the executrix sold real estate belonging to the estate and later filed an account of the proceeds derived from the sale, at the audit of which the judgment in question was presented for payment but disallowed by the court below for the reason it had lost its lien and distri-

bution of the amount before the court was ordered to be made among the legatees entitled to the fund. Plaintiff in the judgment appealed.

No denial is made that claimant failed to comply with the provisions of the Act of 1917; by reason of such default the lien of the debt against the real estate of decedent was lost. It is contended, however, the effect of the oversight was merely to free the realty of the lien of the debt without preventing the claim being made by payment out of the proceeds of the sale inasmuch as the estate is solvent.

It is well settled by decisions of this court that statutes limiting the time within which suit must be brought to continue the lien of debts of a decedent are statutes of limitation and repose and as such can be taken advantage of, not only by bona fide purchasers of the realty in question, but also by the heirs and devisees of decedent: Kirk v. Van Horn et al., 265 Pa. 549, 592, and cases cited. Consequently, where there is failure of personal assets with which to pay debts of a decedent, creditors who fail to establish a lien on the real estate cannot participate in the proceeds of a sale of such property in absence of a conversion by the will, even though the claims may have been allowed at the audit of the account: Reel's Est., 272 Pa. 135. Recognizing this rule, appellant contends the will of decedent had the effect of converting the real estate into personal property and that the fund for distribution was, in fact, personalty and claimant is entitled to share in its distribution.

To work a conversion there must be either a positive direction to sell, or an absolute necessity to dispose of the property to execute the will, or such blending of the real and personal estate by testator in his will as to clearly show an intention to create a common fund out of the proceeds of both and bequeathing such fund as money. This rule was stated in Hunt's Appeal, 105 Pa. 128, and applied in numerous later decisions. The present will contains no direction to sell, nor has there been shown

necessity to do so to carry out its provisions. Testator merely divided his estate between his wife and children and gave to the wife, as executrix, a power of sale. She was free to exercise the power or not as she saw fit. Neither was there such blending of real and personal estate as to indicate testator intended to create a general fund for distribution among the persons entitled to such proceeds. The devise was of "all my estate real, personal and mixed" to the persons and in the proportions named. It was not a gift of the proceeds of the sale of the property. The power of sale was subsequently given and in event of sale the proceeds were to be divided "as hereinbefore directed." The law does not favor conversions and we find nothing in the Act of 1917 to change the course of devolution by holding that a conversion takes place from the moment of testator's death, merely because authority is given to sell realty: Chamberlain's Est., 257 Pa. 113; Davidson v. Bright, 267 Pa. 580. Under the circumstances of this case no conversion took place and the distribution ordered by the court below followed as a legal result.

The decree of the court below is affirmed at costs of appellant.