## Geiger's Estate.

*Partition — Decedent's estate — Trustee to make sale — Confirmation of account—Appointment of auditor—Liens—Searches—Judgments.*

1. Where land of a decedent has been converted into cash by a sale in partition, the court may, but is not required to appoint an auditor to pass upon the account of the trustee who made the sale.

2. The administrator or trustee is the proper party to make the application for the appointment of an auditor.

3. The appointment may be made before the confirmation of the sale or the partition.

4. Distribution should not be made until after it has been ascertained whether liens exist against the ancestor whose estate is partitioned or the heir.

5. Where an heir dies before the ancestor's lands are partitioned, the auditor should ascertain not only the liens against such heir at the time of his death, but also his general debts, the liens of which have not expired.

6. Judgment searches must be taken out against the ancestor for twenty years prior to the sale, and against the heirs and devisees from the date of the ancestor's death, or for twenty years, if the death occurred more than twenty years prior.

7. It cannot be assumed that a certificate of search against judgments will warrant a distribution, because there may be other creditors who have liens for the statutory period, although they may not have reduced their claims to judgment.

8. If the prothonotary's certificate shows that no suits have been entered within the statutory period, distribution may be made direct to the heirs.

Audit of the first and final account of J. Milton Boone, trustee to sell the real estate of John L. Geiger, late of the Borough of St. Clair, Schuylkill County, Pa., deceased, in partition. O. C. Schuylkill Co., March T., 1924, No. 20.

*E. D. Smith,* for plaintiff; *William M. Faussett,* for respondents.

WILHELM, P. J., May 5, 1924.—This account should not be confirmed because all of the costs incident to a proper distribution of the balance remaining in

the hands of the accountant have not been presented. No distribution should be made without the appointment of an auditor, or perhaps, if it is incumbent upon the court to make distribution, until after proper certificates of search have been obtained from the proper officers, and the cost of these certificates or fees of an auditor would, no doubt, be a proper charge against the fund remaining in the hands of the accountant for distribution.

Under the act, in all cases where, in consequence of proceedings in partition, the share, or any part thereof, of an heir or a party in interest in real estate shall be converted into cash, the Orphans' Court, before making a final decree confirming the partition or sale as aforesaid, may appoint a suitable person as auditor to ascertain whether there are any liens or other encumbrances on such real estate affecting the interest of the parties.

It is not compulsory on the court to appoint an auditor to pass upon the trustee's account unless an application therefor be made. It may adjudicate the account itself: Wistar's Appeal, 125 Pa. 526. It is no ground for refusing confirmation of the sale that no auditor has been appointed to ascertain the liens against heirs: Zittle's Estate, 4 Lanc. Law Rev. 163.

The administrator or trustee is the proper party to make the application for the appointment of an auditor, and for his own sake should certainly do so; and the application may be made before the confirmation of the sale or partition. It does not necessarily follow that because an auditor was not appointed before the confirmation of the sale that the court does not now have power to appoint an auditor or make distribution of the fund: Lucas's Appeal, 53 Pa. 404. But the court in that case also said: "We hope that hereafter, in all cases coming within the provisions of the 49th section (Act of March 29, 1832, practically re-enacted in section 33 of the Partition Act of 1917), the executor or administrator will apply to the court to appoint an auditor for the purposes specified in the section. Every prudent man, for his own sake, would certainly do so."

Distribution should not be made until after it has been ascertained whether liens exist against the ancestor whose estate is partitioned and the heir. Where an heir dies before his ancestor's lands are partitioned, the auditor should ascertain not only the liens existing against such heir at the time of his death, but also his general debts, the lien of which has not expired: Kerr's Estate, 4 Phila. 182; Beynon's Estate, 48 Pitts. L. J. 381. This act being for the protection of lien creditors, the trustee cannot defeat the right of such creditors by misapplying the fund: Lucas's Appeal, 53 Pa. 404.

Judgment searches must be taken out against the ancestor for twenty years prior to the sale, or until he acquired title, if within twenty years; and against heirs and devisees from the date of the ancestor's death, or for twenty years, if the death occurred more than twenty years prior: Phillips's Estate, 47 Pitts. L. J. 77. But it cannot be assumed that a certificate of search against judgments will warrant a distribution, because there may be other creditors equally entitled. "To toll the statute of limitations, it is not necessary judgment should be taken. Suit brought within two years is equally effective. Certificates from the prothonotary do not ordinarily show the bringing of such suits, and no proof of the state of the record has been made in this present case. There may or may not be other creditors, but the question cannot be disposed of by mere assumption:" Beynon's Estate, 48 Pitts. L. J. 381. Upon the certificate of the prothonotary being filed showing that no such suits have been entered, distribution will be made direct to the heirs: Phillips's Estate, 47 Pitts. L. J. 77.

Liens of debts of the decedent are payable out of the proceeds of a partition sale: Com. *v.* Pool, 6 Watts, 32. Judgments against heirs are to be paid to the judgment creditors: Lucas's Appeal, 53 Pa. 404. If the certificates show there were no liens against the interest of a deceased heir at the time of his death, his share should be paid to his personal representatives: Beynon's Estate, 48 Pitts. L. J. 381.

On presenting a certificate that no suit has been brought to establish lien, distribution may be made direct to the heirs: Stoner's Estate (No. 2), 8 York Leg. Record, 27.

From the above it can readily be understood that this account is not ripe for confirmation, and a distribution should not be attempted under the circumstances. It appears to be incumbent upon some person in interest to begin such proceeding as is necessary within the rules above laid down and the law governing the partition of decedents' estates, including distribution.

And now, May 5, 1924, confirmation of the account is refused without prejudice.

From M. M. Burke, Shenandoah, Pa.