Central-Penn National Bank of Philadelphia,
Appellant, *v.* Culp et al.

Argued May 28, 1935; reargued November 27, 1935. Before FRAZER, C. J., KEPHART, SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Francis Shunk Brown,* with him *Ira Jewell Williams, Jr.,* of *Brown & Williams, Arthur P. Bretherick* and *Mark T. Milnor,* for appellant.

*Geo. Ross Hull,* with him *George H. Hafer,* for appellees.

OPINION BY MR. JUSTICE MAXEY, January 6, 1936:

Plaintiff is the present holder in due course of a collateral demand note executed and delivered by Isabel S. W. Hoffman on February 28, 1931. Subsequently, on April 17, 1933, the maker conveyed certain pieces of real estate to Jesse L. Lenker and Jennie N. Boak, at which time she was apparently insolvent. On June 5, 1933, plaintiff sued in assumpsit to recover upon the note. The debtor died on October 29, 1933, and plaintiff proceeded to issue a writ of scire facias to join the personal representatives as parties defendant. No præcipe to index the action on the judgment index was filed; nor was the suit prosecuted to judgment. Proceeding on the theory that the conveyances were fraudulent, plaintiff subsequently filed the present bills in equity against the decedent's personal representatives and the respective grantees to set aside the transfers. This was on March 13, 1934. Answers were filed. At the expiration of the year following the grantor's death plaintiff had not yet indexed its assumpsit action on the judgment index, in accordance with the requirements of section 15a* of the Fidu-

---

* That section provides: "No debts of a decedent, including the cost of settlement of the estate and the funeral expenses of the decedent, except as provided in clauses (b), (g), and (h) hereof [not here relevant], shall remain a lien on the real estate of such decedent longer than one year after the decease of such debtor, unless within said period an action for the recovery thereof be brought against the executor or administrator of such decedent; and such action shall be indexed, within said period, against the decedent and against such executor or administrator, also in the county in which the real estate sought to be charged is situate, and be duly prosecuted to judgment. . . ."

ciaries Act of June 7, 1917, P. L. 447, as amended by the Act of June 7, 1919, P. L. 412. Defendants thereupon moved to dismiss the bills upon the ground that the causes of action had abated. The court below decided in defendants' favor and plaintiff has taken the present appeals.

In behalf of plaintiff it is contended that irrespective of the law prior thereto, a creditor may, since the passage of the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, treat the conveyances as valid as between the parties and proceed upon the theory that title passed to the grantees; that in addition to whatever rights it may have against the grantor, the creditor has a direct right in equity against the transferees; that notwithstanding the intervening death of the grantor, this "equitable right" is entirely independent of any lien imposed by statute for the payment of a decedent's debts; that, in any event, the land conveyed by decedent in her lifetime was not at her death "real estate of such decedent" within the meaning of section 15a; and that "the creditor's direct remedy against the transferee is not diminished or cut down by the death of the debtor." In reply to this, defendant sets forth that at common law a decedent's real estate was not answerable for debts not of record; that statutes permitting a creditor to reach realty must be scrupulously followed; that when real estate is fraudulently conveyed, the title remains in the grantor so far as concerns the right of a defrauded creditor; that upon the death of the fraudulent grantor, such property is, as to any defrauded creditor, "real estate of such decedent" within the meaning of section 15a; that a creditor, by virtue of the statute, has a lien upon the land for a period of one year, which may be continued thereafter only by a compliance with the statutory requirements; and that if the creditor fails to continue its lien in accordance with the statutory provisions, its right to realize from the land or its proceeds

ceases to exist at the expiration of the statutory period and it is forever debarred therefrom at law or in equity.

The question resolves itself into this: May a general creditor of the decedent, who through lack of diligence has lost all right of recourse that it might have had against any realty in the decedent's estate, nevertheless pursue its remedy against real estate alleged to have been fraudulently conveyed by the decedent in her lifetime? This question must be answered in the negative. Whether, in so far as plaintiff was concerned, title really passed to the alleged fraudulent grantees, or whether plaintiff was required to proceed upon the theory that title remained in the grantor, is immaterial. The basis of plaintiff's claim is the note which decedent executed. Its method of collection was primarily by suit against decedent and execution against her property. Upon her death its right so to do became subject to the provisions of section 15a above cited. Had decedent retained the property in question and died possessed thereof, it is clear that plaintiff would not now have any power to realize therefrom. Its failure to comply with the statute would be fatal to successful prosecution of its claim. The question is not whether the death of the grantor cut down plaintiff's rights and remedies against the land, but whether the fact that the debtor had conveyed her property inter vivos can vest in plaintiff rights in respect to that land which admittedly it would not have if the debtor had not so conveyed it. Plaintiff's remedy by suit in assumpsit, properly indexed and prosecuted to judgment, followed by sale of the land to pay the indebtedness, is no longer available. To hold that it may now proceed by bill in equity to accomplish the same result would be to defeat the purposes of section 15a above cited. That section and the prior acts of assembly on the subject are statutes of repose and not merely of limitation: Kirk v. Van Horn, 265 Pa. 549, 109 A. 522, and cases therein cited; Brennan's Est., 277 Pa. 509, 121 A. 321. The statutory requirements must be strictly com-

plied with: Kirk v. Van Horn, supra, and cases therein cited. Failure to index the action is fatal to the preservation of the lien: Brennan's Est., supra. A general creditor's right to proceed against the decedent's realty ceases to exist at the expiration of the statutory period unless it has within that time preserved its lien in strict compliance with the terms of the statute: Com. v. Pool, 6 Watts 32; Bindley's App., 69 Pa. 295; Oliver's App., 101 Pa. 299; Smith v. Ribblett, 233 Pa. 300, 82 A. 245; Reel's Est., 272 Pa. 135, 116 A. 107; Brennan's Est., supra. A creditor's rights against real estate alleged to have been fraudulently conveyed by a debtor-decedent in the latter's lifetime can certainly rise no higher than his rights against any realty of which the debtor might have died possessed.

The present appeals are controlled in principle by our decision in Garrett v. Moore, 235 Pa. 379, 84 A. 389. We there held that where the lien of an unrecorded debt had not been continued as required by the statute then in force [Act of June 14, 1901, P. L. 562], which was in its terms substantially similar to section 15a, the holder of such a debt had no standing to maintain a bill in equity for the cancellation of an alleged fraudulent conveyance made by the deceased debtor. It was therein said, at page 382, "[the] statutory requirement was not complied with by the complainant, and no land of the decedent, the title to which stood in his name at the time of his death, *or of which he may have fraudulently tried to divest himself*, . . . remained liable for his indebtedness . . . after the expiration of [the statutory period]. . . . No action for the recovery of the amount due upon the note had been commenced 'and indexed in the judgment index as other liens are indexed against such decedent, his heirs, executors or administrators, within [the statutory period],' and the land has passed beyond the reach of complainant as an asset . . . for the payment of his indebtedness . . . *no matter where the title may now be*." (Italics supplied.) That the ex-

piration of the statutory period terminates the liability of the land, regardless of the technical location of the title, is further illustrated by our decision in Shorman v. The Farmers' Bank of Reading, 5 W. & S. 373, wherein it was said, at page 376, that it was "equitable and just that all the debts of such deceased debtor should immediately upon his death become liens upon the estate [fraudulently] conveyed, as if he had died seised of it," and, that being the case, it was "necessary and reasonable that the [statutory] limitation . . . should be applied in the same manner and to the same extent, in such case, as in the case where the debtor dies seised of the estate."

Plaintiff relies upon American Trust Co. v. Kaufman, 287 Pa. 461, 135 A. 210. In that case a bill in equity to set aside the conveyance was brought by a creditor against the fraudulent grantee after the death of the grantor. There was a decree for plaintiff which we affirmed. It suffices to say that plaintiff had also brought a suit at law against the grantor during the latter's lifetime and had within a year after his death issued a writ of scire facias to bring in his personal representative as a party defendant, which writ was duly entered in the judgment index. Thus did the creditor in that case preserve its lien, without which it could have had no relief by its bill in equity; in the instant case it failed to preserve its lien and therefore is not equipped to seek equitable aid.

The decrees are affirmed at appellant's cost.