## WARD v. INTEGRITY TRUST CO. et al.

### No. 9551.

District Court, E. D. Pennsylvania.

June 2, 1937.

For former opinion, see 17 F.Supp 122.

Herbert S. Levin, of Philadelphia, Pa., for plaintiff.

Adams, Childs, McKaig & Lukens, of Philadelphia, Pa., for defendant.

MARIS, District Judge.

This proceeding began as a suit in equity against Integrity Trust Company, Mamie Robb, and Elizabeth Gleason. The latter was not served and the other two defendants filed motions to dismiss the bill. These motions were disposed of in an opinion filed by this court November 23, 1936. 17 F. Supp. 122, 123. The court dismissed the bill as to Mamie Robb, but denied the motion of the Integrity Trust Company to dismiss and the suit against it was transferred to the law side of the court under Equity Rule 22, 28 U.S.C.A. following section 723. The Integrity Trust Company has now filed an affidavit of defense raising the same questions of law which were considered on its motion to dismiss. The affidavit is, therefore, in effect a motion for a reargument.

The question raised is whether the plaintiff's bill, which is now to be treated as its statement of claim, sets forth a good cause of action. For the purpose of determining this question, we must take as true the facts therein averred which we summarized in our prior opinion as follows:

"On January 2, 1933, William Gleason died, the registered owner of 100 shares of stock of the Lehigh National Bank. He left a will, by which he bequeathed his residuary estate to Mrs. Mamie Robb and appointed Integrity Trust Company as his executor. The will was probated January 9, 1933, and the Integrity Trust Company qualified as executor. On March 1, 1933, the Lehigh National Bank suspended business. There is no averment that it ever reopened. On April 4, 1933, the Integrity Trust Company, as executor, filed an inventory and appraisement of the estate of William Gleason, deceased, listing said 100 shares of stock of the Lehigh National Bank at a value of $2.50 per share, the par thereof being $10 per share. On September 11, 1933, the Integrity Trust Company filed its account as executor in which said shares of stock were included. On October 25, 1933, its account was confirmed nisi by the orphans' court of Philadelphia county, Pa., the court approving a suggested distribution of the assets of the estate as follows:

"'(a) To Respondent Mamie Robb, by agreement, $4500.00, including the said 100 shares of bank stock, at a valuation of $2.50 per share; and

"'(b) To Respondent Elizabeth Gleason, by agreement, $4500.00.'

"Under the rules of the orphans' court absolute confirmation follows at the expiration of fifteen days if no exceptions are filed. Subsequent to October 25, 1933, the foregoing distribution was made by Integrity Trust Company, and Mamie Robb and Elizabeth Gleason each received their respective shares thereof, although the said shares of bank stock were not transferred into the name of Mamie Robb on the books of the bank, but still remained registered in the name of William Gleason, the decedent. On November 3, 1933, the Comptroller of the Currency adjudged the Lehigh National Bank insolvent and appointed a receiver for it, and on February 14, 1934, the Comptroller made an assessment upon the shareholders of the bank amounting to 100 per cent. of the par value of their shares. The plaintiff, W. B. Ward, was appointed receiver of the bank by the Comptroller of the Currency on June 15, 1936."

On these facts the plaintiff claims that the sum of $1,000, the amount of the assessment upon the said shares of stock, is due and owing to him by the Integrity Trust Company individually, because as executor it wrongfully paid to Mamie Robb and Elizabeth Gleason the sum of $9,000 out of

the assets of the estate when it knew, or should have known, that the estate would become responsible for an assessment, if one were made, upon the said shares of stock. On the motion to dismiss the bill filed by the Integrity Trust Company we held that from the date of the failure of the bank an equitable lien attached to the estate in the possession of the executor and that from that date the executor must be charged with knowledge that the bank was or was likely to become insolvent and its stock subject to assessment. We, therefore, concluded that it was the executor's duty in the settlement and distribution of the estate to take reasonably appropriate steps to make provision for the liability imposed by the statute and which was likely to mature through an assessment by the comptroller and that its failure to do so would make it liable for a devastavit. Just what steps the executor should reasonably have taken to this end and whether the Integrity Trust Company actually took such steps we held was a question of fact which could not be determined upon the motion to dismiss.

Since our former opinion was filed, this subject has received further consideration by the Supreme Court, which in Pufahl v. Estate of Parks, 299 U.S. 217, 57 S.Ct. 151, 159, 81 L.Ed. ——, has definitely held that the statute (12 U.S.C. §§ 64, 66 [12 U.S. C.A. §§ 64, 66]), gives the receiver no lien for the amount of the assessment either against the property of a living stockholder or against the estate of a deceased one. In the opinion in that case Mr. Justice Roberts rules that the claim created by the statute is unsecured and unpreferred, accrues only as of the date of assessment, and is collectible from a decedent's estate only in the same manner and to the same extent as other claims against the estate of equal dignity and like character. He concludes: "In the absence of federal legislation giving priority to a claim for an assessment of stockholders' liability over other debts, or a lien upon the assets of a deceased stockholder's estate, or a special remedy, the claim is not entitled to distribution otherwise than as specified in a nondiscriminatory statute of the domicile."

■ We think it clear that in this case the Supreme Court has in effect overruled the decisions upon which we relied in our former opinion in support of our conclusion that an executor holding stock of a closed bank had a duty to take appropriate steps to make provision for the possible assessment liability thereon. We accordingly conclude that the Integrity Trust Company had no such duty as executor, but was fully protected when, before an assessment had been made, it distributed all the assets of the estate to the parties entitled thereto pursuant to a decree of distribution of the Orphans' Court having jurisdiction of its accounts.

■ Section 49(b) of the Pennsylvania Fiduciaries Act of 1917 (20 P.S.Pa. § 862) provides in part, "Where distribution of a decedent's estate is awarded by the orphans' court, after audit and confirmation of any account of the executors or administrators, such decree of distribution shall protect the executors or administrators from personal liability with respect to the property so distributed." As we have indicated, the Supreme Court has held that the claim of a bank receiver for the assessment upon the stock of the bank is but an unsecured and unpreferred claim of no higher dignity than any other ordinary claim against the estate of the deceased stockholder. Under section 49(d) of the Pennsylvania Fiduciaries Act (20 P.S.Pa. § 864), "No creditor of a decedent who shall neglect or refuse to present his claim at the audit of the account of the executor * * * of which public notice has been given * * * shall be entitled to receive any share of the assets distributed in pursuance of such audit." It follows that an assessment claim must be presented for allowance at the audit of an executor's account if it is to share in the distribution of the assets included in the account and distributed pursuant to the adjudication thereof by the Orphans' Court. It is equally clear that if it is not so presented because the assessment has not yet been made or for any other reason not involving bad faith on the part of the executor, the latter is protected by the express terms of the Pennsylvania Fiduciaries Act in making distribution under the order of the court.

This is not to say that an executor might not be liable for a devastavit if, having distributed all the assets of the estate except the shares of bank stock, it had neglected to distribute them although ordered by the court to do so. If such had been the case, it might well be held that the executor, in permitting itself to be divested of all assets of the estate available to answer a possible assessment, while at the same time neglect-

ing to transfer the bank stock to a distributee to whom the receiver might look for its collection, had not acted in good faith and was consequently liable as for a devastavit. However, in this case it is definitely averred that the shares of bank stock were distributed to and received by Mamie Robb, consequently this question does not arise.

We accordingly conclude that the plaintiff has not stated a cause of action against the Integrity Trust Company. Our ruling of November 23, 1936, to the opposite effect was, therefore, wrong and must now be reversed.

The questions of law raised by the defendant, Integrity Trust Company, are decided in its favor. Judgment may be entered for the defendant.