**HART v. BURKE et al.**
No. 1337.

District Court, M. D. Pennsylvania.
Jan. 25, 1939.

Leon M. Levy, of Scranton, Pa., for plaintiff.

O'Malley, Hill, Harris & Harris and M. J. Martin, all of Scranton, Pa., for defendant Scranton-Lackawanna Trust Co.

Jos. F. Gunster and H. C. Reynolds, both of Scranton, Pa., for defendants John B. and Walter R. Burke.

WATSON, District Judge.

The Plaintiff filed a Bill in Equity against Walter R. Burke, John B. Burke, and the Scranton Lackawanna Trust Company and against said Walter R. Burke, John B. Burke, and the Scranton Lackawanna Trust Company as executors of the Estate of Catherine H. Burke, Deceased,

946

to recover certain assessments against stock of the Union National Bank, of which Plaintiff is Receiver, which composed part of the Estate of Catherine H. Burke. Motions to dismiss the Bill were filed by the Defendants individually and collectively, and these motions are now before the Court for disposition.

The Bill sets forth the following facts which, for the present, must be assumed to be true. Catherine H. Burke died December 7, 1932 testate. Her last Will and Testament was admitted to probate in the office of the Register of Wills in and for Lackawanna County, Pennsylvania, December 12, 1932. The Testatrix' two sons, Walter R. Burke and John B. Burke, were made the sole beneficiaries and they, together with the Scranton Lackawanna Trust Company, were named in the will as executors. An inventory of the assets of the Decedent's estate was filed and recorded February 24, 1933, and among the assets was listed 234 shares of stock of the Union National Bank of Scranton, Pennsylvania. The Union National Bank was closed March 5, 1933, under and by virtue of a proclamation issued by the President of the United States, 12 U.S.C.A. § 95 note, and on the 21st of February, 1934, the Plaintiff was appointed Receiver of the said bank. On March 26, 1934, the Defendants filed their accounts as executors of the estate and this account was confirmed finally by the Orphans' Court of Lackawanna County on May 12, 1934. On June 8, 1934 the Defendants filed a petition for distribution of the assets constituting the balance on hand in the estate of the decedent. This petition was fixed for audit June 18, 1934 and on that date the audit was adjourned until November 19, 1934. On November 19, 1934, the Defendants filed a supplemental account and presented it to the Orphans' Court. In this supplemental account the Defendants showed, among their disbursements as executors, that on November 17, 1934, they had charged off as worthless 234 shares of Union National Bank Stock. The supplemental account was confirmed and an order was made for the distribution of the entire balance of the estate. No notice had been given of the filing of the supplemental account. In pursuance of the order of the Orphans' Court, the estate was distributed and duly closed on November 19, 1934. On November 27, 1936, the Comptroller of Currency of the United States made an order for an assessment of one hundred per

cent. upon the capital stock of the Union National Bank to be paid on or before the 4th day of January, 1937. The Plaintiff brought this Bill in Equity on June 16, 1938 to recover the amount of the assessment.

It is contended on behalf of the Defendants that this Court has no jurisdiction over the controversy. There is ample authority for the proposition that a receiver may bring an action in either the State or Federal Courts for the adjudication of the validity and amount of his claims. Price v. Abbott, C.C., 17 F. 506; Pufahl v. Estate of Parks, 299 U.S. 217, 57 S.Ct. 151, 81 L.Ed. 133. However, it is urged that this Court should refuse to take jurisdiction because the res is in the possession and under the control of a State Court. This position is also contrary to the authorities. Without determining whether or not there is a res in the possession and under the control of the Orphans' Court of Lackawanna County it is sufficient to note that a Federal Court may not deny a receiver's right to prosecute an action to judgment or a suit to final decree in the Federal Court, although such judgment or decree can do no more than adjudicate the validity and amount of his claim. Pufahl v. Estate of Parks, supra.

The Plaintiff contends that the Defendants, in their capacity as executors, are liable for a devastavit inasmuch as they failed to retain sufficient funds from the estate of the Decedent to meet the assessment. The Defendants were under no duty to retain funds nor to take any other precautions to protect the Receiver. No lien or other charge is created upon the funds in the hands of an executor by Title 12 U.S.C.A. § 66, which provides that "Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name." "The claim of a bank receiver for the assessment upon the stock of the bank is but an unsecured and unpreferred claim of no higher dignity than any other ordinary claim against the estate of the deceased stockholder." Ward v. Integrity Trust Co., D.C., 19 F.Supp. 506, 508; see also Pufahl v. Estate of Parks, supra. It

is provided in section 49(b) of the Pennsylvania Fiduciaries Act of 1917, P.L. 447, 20 P.S. § 862, " * * * where distribution of a decedent's estate is awarded by the orphans' court, after audit and confirmation of any account of the executors or administrators, such decree of distribution shall protect the executors or administrators from personal liability with respect to the property so distributed." It is urged, however, by the Plaintiff that the Defendants cannot claim the protection of this act because they failed to give notice of the filing of the supplemented account. Section 46(f) of the same act, 20 P.S.Pa. § 836, provides that "No account of an executor, administrator, or guardian shall be confirmed and allowed by the orphans' court unless it shall appear, at the presentation of such account, that notice of such presentation has been given conformably to the directions of this act." The provision with regard to notice of the filing of accounts is contained in section 46(d), 20 P.S.Pa. § 834, to the effect that "Every register, with whom an account has been or shall be filed, * * * shall give notice to all persons concerned in the following manner; namely,—by an advertisement enumerating all the accounts to be presented at any one time * * * at least once a week during the four weeks immediately preceding the meeting of the court at which such account shall be presented * * *." The original account filed by the Defendants was properly advertised and notice of the date of the audit was given. The act itself does not make any provision for the filing and advertising of supplemental accounts and the assumption arising therefrom is that such notice need not be given. A supplemental account is filed for the purpose of bringing an account up to date and provides therein for such transactions as occurred between the date of the filing of the original account and the date of the audit. If each supplemental account had to be filed and advertised for thirty days it might well be that such a procedure would result in delaying the settlement of an estate ad infinitum. No case has been cited or found which deals with the question of whether or not a supplemental account must be advertised and, in view of the silence of the statute upon this matter, this contention of the Plaintiff must be rejected. Furthermore, the Plaintiff is not a proper party to raise the objection in view of the fact that he did not give written notice of his claim to the Defendants. Section 49(b) of the Pennsylvania Fiduciaries act, supra, provides that "Executors or administrators may make distribution, and pay or deliver legacies, without the audit of their accounts, upon such security as may be satisfactory to them, nevertheless at their own risk, but without liability to any creditors of the decedent who shall not have given written notice to the executor or administrator within six months after the granting of letters testamentary or of administration, provided that such executor or administrator has complied with the provisions of section ten of this act."

The Defendants proceeded in the orderly process of settling the estate of the decedent and carried out fully and completely all orders of the Orphans' Court of Lackawanna County and distributed the estate by order of the Court. It is, therefore, necessary to hold that the Defendants are not liable for a devastavit and the Plaintiff has not made out a cause against the Defendants in their capacity as executors.

There remains the question as to the liability of the Defendants, Walter R. Burke and John B. Burke, in their capacities as distributees. The Federal Courts are bound by the laws of the State Courts with regard to following the assets of an estate into the hands of the distributees. "Although the petitioner's demand is based upon a federal statute, he may enforce it only in conformity to the law of the forum governing the recovery of debts of like nature. * * * If the state does not discriminate against the Receiver's claim in favor of others of equal dignity and like character, there is no warrant for exempting the claim from the effect of local statutes governing procedure or limiting the time for prosecution of action." Pufahl v. Parks, supra, 57 S.Ct. 157. Section 49(d) of the Pennsylvania Fiduciary Act, 20 P.S.Pa. § 864, supra, provides that "No creditor of a decedent who shall neglect or refuse to present his claim at the audit of the executors or administrator, held not less than six months after the grant of letters testamentary or of administration, of which public notice has been given as provided in section 10 of this act, or at an audit held after actual notice to such creditor of the filing of such account, as provided in section forty-six, clause (c) of this act, shall be entitled to receive any share of the assets distributed in pursuance of such audit, whether the estate of the

948

decedent be solvent or insolvent." Section 10, 20 P.S.Pa. § 441, referred to therein, provides for advertisement of grant of letters and section 46(c), 20 P.S.Pa. § 833, provides for notice of filing of account to be given to parties who have given written notice of their claims to the executor. It is not contended that the Defendants have failed to comply with Section 10 and, since the Plaintiff did not file a written notice of his claim, Section 46(c) does not apply. Therefore, the Defendants are entitled to the full protection of the above quoted section.

 It is further urged by the Plaintiff that the distributees are not protected by this section because the claim is contingent. There is some doubt as to whether or not a contingent claim can be allowed against the estate of the Decedent and there is further doubt as to the effect of the exclusion of such a claim. In Geiger's Estate, 19 Pa. Dist. & Co. R. 427, the problem was considered at great length and the Court was of the opinion that a claim contingent both as to existence and amount could not be allowed at the audit and further, that when the claim became certain, it could be enforced against the distributees. This conclusion was based upon the case of Chestnut Street Trust & Saving Fund Company's Assigned Estate, 217 Pa. 151, 66 A. 332, 118 Am.St.Rep. 909, which concerned the allowance of a contingent claim in the case of an estate assigned for the benefit of creditors. The Supreme Court of Pennsylvania refused to allow the claim. However, the analogy of the case of an estate assigned for the benefit of creditors is not sufficiently close to be considered as giving an accurate indication of the law with regard to decedent's estates. Furthermore, in Walbridge's Estate, 314 Pa. 250, 171 A. 580, decided in 1934, the Supreme Court of Pennsylvania, in a per curiam opinion, affirmed the lower court's decision in which it was assumed without discussion that a contingent claim should have been presented at the audit. It has also been held that section 15(a) of the Pennsylvania Fiduciaries Act of 1917, P.L. 447, as amended by the Act of June 7, 1919, P.L. 412, 20 P.S.Pa. § 521, and referring to realty, is a statute of limitation and repose and that the devisees are in the position of purchasers for value without notice. Brennan's Estate, 277 Pa. 509, 121 A. 321; see also Central-Penn National Bank of Philadelphia v. Culp, 320 Pa. 358, 182 A. 239, 103 A.L.R. 550. By

analogy sec. 49(d) referring to personalty should likewise be conclusive as to creditors of the decedent.

The Plaintiff's statement that the executors cannot destroy the stock—that it cannot vanish into thin air—is true so far as it goes. The ownership of the paper upon which the obligation was written and the obligation to pay the assessment itself may still be in the estate as a purely theoretical concept, but, like other ordinary debts of the decedent, when not presented as required by the law of Pennsylvania, they are unenforceable and, to all practical purpose, nonexistent.

Now, January 25, 1939, the Plaintiff's Bill of Complaint is dismissed.