## Tracy Estate

*David S. Kohn*, for accountant.

*Henry Harner*, for estate of Ferguson E. Tracy.

RICHARDS, P. J., March 28, 1949.—Elizabeth R. Tracy, a widow, died testate on February 28, 1929. At the time of her death she was seized of a property known as No. 1730 Green Street, Harrisburg, Pa. By her will she gave her entire estate in equal shares to her two minor children, Agnes Tracy and Ferguson E. Tracy. Agnes Scarlett, a sister of decedent, was appointed executrix of the will and guardian of the children.

Agnes Tracy is now married and is known as Agnes Tracy Foley. The son died testate on February 12, 1946. He left his entire estate to his surviving widow, Evelyn Tracy, but failed to appoint an executor.

On April 7, 1947, Evelyn Tracy, through her attorney, presented a petition to this court praying for the issuance of a citation to show cause why an inquest in partition of said property should not be awarded.

This petition averred that the only parties in interest were Evelyn Tracy and Agnes Tracy Foley, each of whom had an undivided one-half interest in the property. The citation was awarded as prayed for.

An answer to the citation was filed by Agnes Tracy Foley and Agnes Scarlett. This answer admitted, in paragraph 4, that Evelyn Tracy and Agnes Tracy Foley were the parties in interest and that each had an undivided one-half interest therein. But, in paragraph 5, it was denied that they were all of the parties in interest "inasmuch as there are certain debts on record to which the property is subject and which have never been paid". The answer also pleaded new matter, the essence of which is that there are certain creditors of Ferguson E. Tracy whose claims should be protected. There was no averment as to the identity of the creditors, and no averment that Agnes Tracy Foley or Mrs. Scarlett were creditors.

A replication was filed denying paragraphs 1 and 4 of the new matter. The paragraphs thus denied averred that Evelyn Tracy had no present interest in the property entitling her to partition, and that she had led certain creditors to believe that she would take care of the obligations of her deceased husband but had neglected and refused to do so.

Without proceeding with the issues thus raised the parties agreed upon a method of selling the property. The agreement was that Evelyn Tracy should convey her interest in the property to her attorney, and that Agnes Tracy Foley should convey her interest in the property to her attorney. The attorneys were to sell the property at public sale and deposit the proceeds in a joint special account. They were then to request the court for a hearing to pass upon the claims of the parties and others in the estates of Elizabeth R. Tracy and Ferguson E. Tracy, with reference to

rents and the proceeds of the sale of the real estate. Provision was also made for costs and attorney fees. All told there were four stipulations of facts, and a hearing was held on March 5, 1948.

From the stipulations and evidence we glean the following facts:

Mrs. Agnes Scarlett qualified as executrix of the estate of Elizabeth E. Tracy. She filed an inventory and appraisement of the personal property amounting to $286.50. She filed a statement of debts and deductions amounting to $1,658.90. The only real property which Elizabeth E. Tracy owned at the time of her death was that here involved, known as 1730 Green Street, Harrisburg, Pa. Said property was not sold to pay debts. No account has ever been filed. There is no action indexed against the estate of Elizabeth R. Tracy and there are no judgments of record against her estate or her personal representative.

Mrs. Scarlett never sought permission to sell or mortgage the real estate of her wards and never filed an account as guardian.

There are no record judgments against Ferguson E. Tracy and no action has been indexed against his estate or his personal representative. Letters of administration c. t. a. were granted on his estate to Henry E. Harner, Esq., on March 1, 1948.

The property was sold for $7,500, which sum, with rents in the amount of $890.30, is now held in escrow.

Mrs. Scarlett asserts (in the testimony) that she advanced certain sums to protect the property here involved, whether it be considered as part of the estate of Elizabeth R. Tracy or as the property of her wards. She also claims as a creditor of Ferguson E. Tracy but limits her claim in both respects to the sum of $3,000, an amount determined, as she says, by accord and satisfaction with him.

*Discussion*

In our opinion, the parties to this proceeding came dangerously close to agreeing themselves out of court. However, interpreting the agreement or agreements broadly, it may be considered that they short cut the method prescribed by the Partition Act to effect the sale but left the matter of distribution to the court. We shall proceed upon this hypothesis but we do not recommend such procedure in the future.

Perhaps a strict and literal reading of the answer would lead to the conclusion that neither Alice Tracy Foley nor Mrs. Scarlett pleaded a status as a creditor, nor did either assert a right to be reimbursed for sums advanced to protect the property. However, we shall interpret the pleading broadly and infer that Mrs. Scarlett, at least, intended to raise those issues. We shall, therefore, proceed to what we consider the deciding factor on the merits.

It is our considered judgment that we may not award Mrs. Scarlett any part of the fund arising from the sale of the real estate here involved unless she has a lien. The proceeds resulting from the sale retain the attributes of the real estate from which they were derived. There were no record liens at the date of death of Elizabeth R. Tracy, or at the date of death of Ferguson E. Tracy. No action was indexed against either, or their estates, or their personal representatives, within the time provided by law. These facts are undisputed and are frankly admitted by the stipulations.

The Fiduciaries Act of June 7, 1917, P. L. 447, sec. 15(a), 20 PS §521, both in its original form and as amended, provides, inter alia:

"No debts of a decedent, including the cost of settlement of the estate and the funeral expenses of the decedent, except as provided in clauses (b), (g) and (h) hereof, shall remain a lien on the real estate of

such decedent longer than one year after the decease of such debtor, unless within said period an action for the recovery thereof be brought against the executor or administrator of such decedent . . .", etc.

The exceptions contained in clauses (b), (g) and (h) are inapplicable in the present case.

We are not dependent upon the statute alone for the opinion we have expressed. In Kirk v. Van Horn, 265 Pa. 549, the Supreme Court stated:

"A proceeding to charge land with the debt of a deceased owner is strictly in rem . . . the acts of assembly on the subject are statutes of repose and not merely of limitation, inuring in favor of the widow, heirs and devisees, as well as of purchasers from them." (See pages 552 and 555.)

See also Central-Penn National Bank of Phila. v. Culp, 320 Pa. 358, 361, which quotes this case with approval and holds the same.

Commonwealth v. Pool, 6 Watts 32, involved the lien of a debt of a decedent against the proceeds of real estate sold in a partition proceeding. Reversing this court, the Supreme Court held that the lien was lost by failure to proceed to action as provided by the statute.

In Central-Penn National Bank of Phila. v. Culp, 320 Pa. 358, it is held that the statute must be strictly complied with, and that a creditor who fails to continue the lien of his claim by instituting action is barred from proceeding against the land (or its proceeds). This case, and Higgin's Estate, 325 Pa. 106, both cite Kirk v. Van Horn, and Commonwealth v. Pool, supra, with approval.

In the Estate of Elizabeth A. Brown, 3 Erie 15, a partition case, the following statement occurs (p. 17):

"This claim was not a lien on the real estate, the sale of which raised the fund now for distribution. . . . If M. M. Brown (who claimed a credit for $500 Attor-

ney fees) was entitled to be reimbursed out of this fund . . . he should have reduced his claim to judgment against distributees before sale.

"The Orphans' Court has no jurisdiction to adjudicate claims of unsecured creditors against distributees in partition."

In Devlin's Estate, 4 Dist. R. 751, the syllabus succinctly states the conclusions of the court in the following language:

"The proceeds of decedent's real estate, sold under proceedings in partition by the heirs, will be distributed among the heirs, subject only to the liens against the building at the time of sale. The equities among the heirs as to expenditures alleged to have been made by one of the distributees for the common use more than six years before the sale cannot be worked out in the distribution. The court is without power to apply the shares of the owners to the payment of their debts."

In the Estate of Phoebe A. Phillips, 47 Pitts. L. J. 77, the court was dealing with the account of a trustee and the proceeds of sale in partition. On page 78, the court stated:

"Charles L. Phillips, one of the heirs of the decedent, died in February, 1892, long prior to the sale of the decedent's real estate. If there be any general creditors of his estate who have liens upon his share of this fund, it should be distributed to his administrator for distribution to them. But, as there can not be any unless they have brought suits within the statutory period, upon a certificate of the prothonotary being filed showing that no such suits have been entered, distribution will be made direct to his heirs."

In Sivak Estate, 161 Pa. Superior Ct. 323, a partition case, it was held:

"1. An administrator and heir who pays out of his own funds funeral bills, costs of administration, and

debts of the decedent, erroneously believing that he is the sole heir, and who fails to institute a cautionary action required by Sec. 15(a) of the Fiduciaries Act of June 7, 1917, P. L. 447, within a year after decedent's death, is not entitled to payment out of the real estate.

"2. A fiduciary who uses his personal funds to pay the debts of a decedent is subrogated to the rights of the creditors, but his rights rise no higher than theirs. . . .

"7. In a partition proceeding, an allowance may be made for money expended by one of the parties for the installation of a water heater which enhanced the value of the property to the benefit of all the owners. . . ."

These matters are quoted from the syllabus but are amply borne out by the opinion. Furthermore, in this case the allowance made for the water heater mentioned in paragraph 7 was to one of the tenants in common who, incidentally, was also the administrator.

It would, therefore, seem to be clear that in distributing the proceeds of a sale in partition, debts of record at the date of death are to be paid before anything is awarded to heirs or devisees. Common debts, the statutory lien of which have been continued by suit, must be protected before any award may be made to heirs or devisees. The form of this protection may vary, depending upon circumstances. But debts such as the latter have no lien after one year, unless preserved by suit.

There remains for consideration what is known as equitable liens. They arise from equitable considerations in the interest of justice and fair dealing. Some of the cases involve disbursements made to preserve the property, others conduct akin to fraud. In the latter type the offending party may be estopped regardless of the statements we have made above. We

may refer to Reel's Estate, 272 Pa. 139, and Gibson Estate, 153 Pa. Superior Ct. 413, as examples of the two types mentioned. However, we cannot see how an equitable lien arises in this case.

Mrs. Scarlett made no effort to sell the real estate of Elizabeth R. Tracy to pay debts. Had she done so, there would have been no need for her to advance any sums in that estate. But having made advancements, she could have protected herself by bringing suit. This also she failed to do. She never stated an account as executrix. On the other hand, she waited 20 years to assert a stale claim. She had legal remedies which she failed to use. This militates against equitable relief particularly when minors are involved. On this score, we cannot see how she can possibly be entitled to an equitable lien.

As guardian of these minors she never petitioned to mortgage or sell the real estate, either for the preservation of the property or for the maintenance of the minors. Neither did she file an account showing the results of her stewardship. She waited many years, until the one child died testate, leaving his property to his widow. She waited until she had lost her statutory lien and until the partition proceedings were instituted. Then she suddenly asserted an ancient claim against the innocent widow. We can see no equitable lien growing out of this situation.

Mrs. Scarlett claimed that she and Ferguson E. Tracy agreed to a settlement of her claim for $3,000 in 1942. At that time he was 29 years of age. She did not get a judgment note from him, or do anything to protect her rights. On the contrary, she did nothing until about a year after his death, in 1946.

It seems to us that she always had a legal remedy which she failed to use, that she did not perform certain acts required of her as a fiduciary, that she is

guilty of laches, and that she is estopped now from asserting an equitable lien. We do not question her good faith, but nobody imposed upon her, deceived her or misled her. She acted as she thought best, but by reason thereof she lost the right to assert her claim against the real estate and its proceeds. She went to a lawyer when it was too late.

We hold, therefore, that Mrs. Scarlett has no lien, legal or equitable, upon the proceeds of the real estate sold in partition.

There is also held in escrow rents in the sum of $890.30, representing Ferguson E. Tracy's share of the rents from 1943 to the date of sale. These rents are clearly his property under the stipulation. Some of the rents accrued before his death and some thereafter. However, the rents were not collected by his administrator. In any event, they are assets for the payment of his debts; see Fiduciaries Act of 1917, 20 PS §503. We shall direct that this sum be paid to Henry E. Harner, Esq., administrator c. t. a., of the estate of Ferguson E. Tracy, deceased.

### Order

And now, to wit, March 28, 1949, for the reasons heretofore given, it is hereby ordered and decreed that the proceeds of the sale of the real estate known as 1730 Green Street, Harrisburg, Pa., shall be disbursed and distributed as follows: Payment of the costs of this proceeding; payment of the costs of the sale; attorney fee to Henry E. Harner, $100; one half of balance then remaining to Evelyn Tracy, widow of Ferguson E. Tracy, and the other one half to Agnes Tracy Foley.

Rents in the amount of $890.30, being the share of Ferguson E. Tracy in rents collected from 1943 to date of the sale, shall be paid to his administrator, Henry E. Harner, Esq.