## Henry's Estate.

*Statute of limitations—Decedents' estates—Lien of debts—Act of June 14, 1901, P. L. 562.*

A claim against an estate of a decedent based on an order in the nature of a judgment of the quarter sessions of another county, which was never a lien upon after-acquired real estate in the county where the decedent died domiciled, has only the lien of a general debt on the lands of the decedent in the latter county, and is subject to the limitation of the Act of June 14, 1901, P. L. 562, requiring an action for the recovery thereof, to be commenced within two years after the decedent's death.

Argued May 16, 1907.  Appeal, No. 222, April T., 1907, by Charles R. Henry et al., from decree of O. C. Lawrence Co.,

## 598 HENRY'S ESTATE.

Dec. T., 1905, No. 23, refusing the sale of real estate in Estate of Patrick Henry, deceased. Before RICE, P. J., HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Petition for sale of real estate.

The opinion of the Superior Court states the case.

*Error assigned* was decree refusing order of sale.

*John D. Watson*, with him *H. K. Gregory* and *T. W. Dickey*, for appellant, cited : Ziegler v. Schall, 209 Pa. 526.

*Charles W. Wallace*, with him *Allen B. Angney*, for appellee, cited : Craig's App., 5 W. N. C. 243 ; Oliver's App., 101 Pa. 299 ; Bindley's App., 69 Pa. 295 ; Emerick's Est., 172 Pa. 191.

OPINION BY RICE, P. J., October 7, 1907 :

The debts for the payment of which the appellants petitioned the court for an order of sale, arose out of a proceeding in the court of quarter sessions of Allegheny county, brought under the twenty-eighth section of the Act of June 13, 1836, P. L. 539, to compel Patrick Henry, the decedent, to relieve and maintain his indigent father. That proceeding resulted on May 12, 1893, in an order of the quarter sessions directing the respondent to pay to his father for the latter's support a specified sum every week and to pay the costs. This order not having been complied with, a proceeding was instituted for the imposition of the penalty provided by the act, which, on July 31, 1897, resulted in an order imposing a penalty of $300 on the respondent to be paid to the Department of Charities of the city of Pittsburg for the use of Charles Henry, and directing that $250 of the penalty be paid by the department to him in quarterly installments of $50.00 each, and that the remainder thereof be paid to the attorney for his professional services in the matter. The respondent was also directed to pay costs, in which was included and specifically allowed by the court, the commissioner's fee of $35.00. This order of July 31, 1897, was not complied with in any particular, and after it was made Patrick Henry removed to Lawrence county, where he acquired an estate, both real and personal, and died on May 18, 1902.

At the audit in June, 1904, in the orphans' court of Lawrence county, of the final account of the administratrix of his estate, these claims, consisting (1) of the installments that accrued between May 12, 1893, and December 18, 1897, (2) the penalty, (3) the fee of the commissioner, were presented, but were disallowed by the auditor and the court because, as considered by them, they were barred by the statute of limitations of 1713. Upon appeal it was determined by this court, in an opinion by our Brother HENDERSON, that the orders of the quarter sessions were in the nature of judgments, that the claims founded thereon were debts of record, and therefore were not barred by the act of 1713, but were entitled to participate in the distribution of the personal estate: Henry's Estate, 28 Pa. Superior Ct. 541–544. Accordingly the decree was reversed and the record remitted to the court below, with direction to make distribution of the funds among the parties entitled thereto, including these claimants. Subsequently, the claimants applied to the orphans' court of Lawrence county, for an order directing the sale of the real estate of the decedent for the payment of debts. The administratrix filed an answer in which she admitted that the personal estate was insufficient to pay all of decedent's debts, but averred that the claimants had wholly failed to comply with the provisions of the statute which it was necessary to comply with, in order to make their claims liens upon the decedent's real estate after the period of two years from his death, and, therefore, the court had no jurisdiction to decree a sale of the real estate for the payment thereof. The court refused the application and thereupon the claimants took this appeal.

To recapitulate: the claims are debts of record based on orders in the nature of judgments of the quarter sessions of Allegheny county; all of them accrued on or before December 18, 1897; they never were liens upon the real estate of the decedent in Lawrence county in his lifetime; and no action or proceeding for the recovery of them was commenced and indexed within two years after his death.

That the lands of the decedent were assets for the payment of these debts is not disputed. The question is, whether as against the decedent's heirs they were so liable without limitation as to time. The first section of the Act of June 14, 1901,

P. L. 562, which amended and re-enacted the Act of June 8, 1893, P. L. 392, which in turn was enacted as a substitute for section twenty-four of the Act of February 24, 1834, P. L. 70, provides that "no debts of a decedent, except they be secured by mortgage or by judgment entered or revived by scire facias within five years prior to the death of such decedent, shall remain a lien on the real estate of such decedent longer than two years after the decease of such debtor, unless an action for the recovery thereof be commenced, and be indexed in the judgment index as other liens. are indexed against such decedent, his heirs, executors or administrators, within the period of two years after his decease, and duly prosecuted to judgment," etc.

In support of the claim that these debts are within the expressed exception to the general rule prescribed by the statute, counsel for appellants cite Ziegler v. Schall, 209 Pa. 526, Colenburg v. Venter, 173 Pa. 113, and other cases, which decide that the lien of a judgment against the decedent at the time of his death, as against his heirs and devisees, is without limit as to time. But these cases are distinguishable from the present in that the judgments there in question were liens upon the real estate at the debtor's death. A case which upon a hasty view seems to be more closely analogous to the present is Baxter v. Allen, 77 Pa. 468. The Supreme Court there said : " A judgment of record at the time of the death of the defendant, though without lien on his real estate at the time of death, does not fall into the class of mere debts, whose lien is limited to five years after the death of a decedent, unless suit be brought for the same according to section 24 of the act of February 24, 1834. That section expressly excepts debts secured by mortgage or judgment; suit is unnecessary when the debt is already in judgment. The record gives notice of the debt to all persons interested, and it remains unaffected by time, as to all volunteers, until a presumption of payment arises." If this case must be regarded as holding that as against heirs and devisees a judgment against the decedent, though never a lien upon his land and never entered of record in the county where the land lies, immediately upon his death acquires a lien upon that land which is without limit as to time, it can scarcely be said that the purpose of the statutory limitation, which, in Kerper v. Hoch, 1 Watts, 9, Oliver's Appeal, 101 Pa.

299, Cooper's Estate, 206 Pa. 628, and other cases, has been declared to be the promotion of the security and the repose of titles in the hands of heirs and devisees, as well as purchasers from them, will be fully accomplished. But Baxter v. Allen, whether it be considered in the light of its special facts or of the reasoning of the opinion, is not authority for so broad a proposition. When the court said that the record gives notice of the debt to all persons interested, it is warrantable to presume that the court had reference to a judgment which was at one time a lien upon the land and could be found by search of the records of the county where the land is situated. This is not that kind of a case, but is analogous to Moorehead v. McKinney, 9 Pa. 265. In that case a judgment was entered of record against one who afterwards purchased real estate and died. It was held that as the judgment was not at the moment of the death, and never was, a lien upon that land, it fell within the class of general debts. The authority of this case was recognized in Konigmaker v. Brown, 14 Pa. 269, and again in McMurray's Administrators v. Hopper, 43 Pa. 468, where it was held applicable to a case where the judgment was restricted to other real estate than that in question. These decisions are not questioned in Baxter v. Allen, nor in any of the cases cited by the appellants' counsel. We think the present case is within the principle upon which they were decided, and, therefore, that the court was right in holding that these claims, arising out of the orders of the court of quarter sessions of Allegheny county, had only the lien of general debts upon the lands subsequently acquired by the decedent in Lawrence county and were subject to the limitation of the act of 1901 applicable to general debts.

The decree is affirmed at the costs of the appellants.