# Smith *v.* Ribblett, Appellant.

*Decedents' estates—Real estate—Action—Lien of debts—Guardian and ward—Orphans' court sale—Act of February 4, 1834, P. L. 70.*

A petition by a ward filed in 1894 for the appointment of an auditor to state an account against her guardian who died in 1891, which re-sulted in an adjudication against the guardian's estate, and a sale of real estate by an order of the orphans' court in 1900 for the payment of the guardian's indebtedness, was not an "action" within the mean-ing of the Act of February 4, 1834, P. L. 70, which provided that no debts of the decedent, except those secured by mortgage or judgment, should remain a lien on the real estate of the decedent longer than five years after his decease, unless an action for the recovery thereof should be commenced and duly prosecuted against his heirs, executors or ad-ministrators within the period of five years after his decease, and no title to the real estate passed by the sale.

Argued Oct. 2, 1911. Appeal, No. 112, Oct. T., 1911, by defendant, from judgment of C. P. Cambria Co., June Term, 1909, No. 83, on verdict for plaintiffs in case of James Smith et al. v. Benjamin F. Ribblett. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEW-ART and MOSCHZISKER, JJ. Affirmed.

Ejectment for land in West Taylor township. Before O'CONNOR, P. J.

At the trial it appeared that plaintiffs claimed the land as heirs of George L. Bowser, deceased. The defendant claimed title under a deed to himself from Bowser's ad-ministrator made under an order of the orphans' court to pay Bowser's debts. The character of the defendant's title is explained in the opinion of the Supreme Court.

Verdict and judgment for plaintiffs. Defendant ap-pealed.

*Error assigned* was in giving binding instructions for plaintiffs.

*F. P. Martin,* with him *William Williams* and *Forest* and *Percy Allen Rose,* for appellant.—A suit or action, according to its legal definition, is the lawful demand of one's right in a court of justice: McBride's App., 72 Pa. 480; Hook v. McCune, 184 Pa. 292; Taylor v. Kelly, 80 Pa. 95.

At the time of the presentation of this petition the account between the guardian and the ward was unsettled, and it was within the exclusive jurisdiction of the orphans' court in which this ward resided to settle the account: Com. v. Raser, 62 Pa. 436; Lewis & Parker v. Browning and Wife, 111 Pa. 493; Bowman v. Herr, 1 Penrose & Watts, 282; Shollenberger's App., 21 Pa. 337.

*Thomas J. Itell,* for appellees.—The presentation and proof of a claim against the decedent's estate, before an auditor, does not constitute "an action" within the meaning of said act, and accordingly does not extend the lien on the decedent's real estate: Oliver's App., 101 Pa. 299; Craig's App., 5 W. N. C. 243; Bindley's App., 69 Pa. 295; Emerick's Est., 172 Pa. 191; Bartley's Est., 7 Pa. Dist. Rep. 36; Hall's Est., 10 Pa. Dist. Rep. 215.

OPINION BY MR. JUSTICE BROWN, January 2, 1912:

The plaintiffs in this ejectment are the children and grandchildren of George L. Bowser, deceased, who died intestate July 8, 1891. The defendant admits that the title to the land in controversy was in him at the time of his death, but, to defeat the title of the plaintiffs to it as his heirs at law, he sets up a deed to himself from Bowser's administrator. The learned court below held that nothing had passed to the appellant under that deed, and a verdict was accordingly directed for the plaintiffs. When Bowser died he was the guardian of Martha E. Wyman, whose maiden name was Keirns. He had made no settlement with his ward, and on December 5, 1894, she presented her petition to the orphans' court of Cambria county for the appointment of an auditor to state a guardianship

account. An auditor was duly appointed for that purpose, and his report, finding that the estate of Bowser was indebted to her in the sum of $1,311.75, was absolutely confirmed on February 26, 1896. In the spring of 1900 Bowser's administrator presented a petition to the orphans' court, asking for an order to sell the real estate which is the subject of this ejectment for the payment of the decedent's indebtedness to his ward, as found by the report of the auditor, and, such order having been granted, the administrator sold the said real estate to the defendant below. The sale was duly confirmed by the court, and on June 8, 1900, the deed upon which the appellant stands was duly executed and delivered to him by the administrator.

When Bowser died the Act of assembly relating to the duration of the lien of the debts of a decedent was that of February 4, 1834, P. L. 70, the twenty-fourth section of which provided that no such debts, except those secured by mortgage or judgment, should remain a lien on the real estate of such decedent longer than five years after his decease, unless an action for the recovery thereof should be commenced and duly prosecuted against his heirs, executors or administrators within the period of five years after his decease. The very narrow question raised by the appellant is whether the proceeding by the ward in the orphans' court was "an action" within the meaning of the act of 1834, for, if it was not, it is conceded the orphans' court was without jurisdiction to award the order of sale after five years had expired from Bowser's death, and the defendant took nothing by his deed from the administrator. The only answer that need be given to the question thus raised by the appellant is that it is not an open one. In Bindley's App., 69 Pa. 295, it was definitely settled that a proceeding in the orphans' court, such as was instituted by Bowser's ward, was not "an action" contemplated and required by the act of 1834, and did not, therefore, continue the lien of his indebtedness against his real estate beyond five years from his

death.    In so holding, in a carefully considered opinion,
Mr. Justice SHARSWOOD said: "It only remains to consider
whether the appellant, having presented his claim before
the auditor appointed to report distribution of the pro-
ceeds of a sale made under a previous order of the orphans'
court within the five years, and had a pro rata dividend
awarded to him, and confirmed by the court, his lien on
the real estate of the decedent was thereby kept alive and
continued.    The words of the act, as we have seen, are,
'Unless an action for the recovery thereof be commenced
and duly prosecuted.'    These are strictly technical words,
and according to the well-established canons of interpre-
tation, should be received in their technical signification:
1 Black. Com. 59, note.    It is now, however, contended,
although it is a ground which does not appear to have been
taken in the court below, that the claim before the auditor
was an action commenced against the administrator, and
duly prosecuted to a decree—that the act of assembly
does not speak of actions at common law—or in a court
of common-law jurisdiction; any querela, any lawful
complaint in any competent court, will literally answer the
words of the act; at all events, if not within the letter it
is within the spirit of the law; the appellant has given
notice of his debt against the estate in a mode pointed
out and authorized by law.    There is great plausibility in
this contention.    We should remember, however, that the
principal intention of the twenty-fourth section of the
act of 1834 was to promote the security and repose of
titles in the hands of heirs and devisees as well as pur-
chasers from them, and we think that it would imperil
these objects to give the section so broad a construction as
that now contended for."    The rule as laid down in Bind-
ley's Appeal was reaffirmed in Craig's App., 5 W. N. C.
243, and in Bartley's Est., 7 Pa. Dist. Rep. 36, in an ex-
haustive opinion by Judge PENROSE, the question was
again fully discussed in passing upon the provisions of the
first section of the Act of June 8, 1893, P. L. 392, which
differs only from the act of 1834 in limiting the duration

of the lien of a decedent's debts not of record to two years instead of five. The pertinent question there asked by Judge Penrose may be appropriately repeated here: "By what act of assembly, principle, or practice can an action against 'heirs'—living persons—be prosecuted by the creditors of a decedent in the orphans' court 'to judgment,' or at all?" The action required by the statute must be commenced and duly prosecuted in the common pleas, and the court below correctly so held.

The assignments of error are overruled and the judgment is affirmed.