## Helman et al. v. Helman et al.

*Marker & Rial,* for plaintiffs.

*Carroll Caruthers* and *John R. Keister,* for defendants.

WHITTEN, J., June 20, 1938. — In the above-entitled cause, William Wilson Helman and Thomas L. Helman, surviving executors of the last will and testament of S. Grant Helman, deceased, instituted a suit in assumpsit, on October 20, 1937, against Frank W. Helman and Wil-

liam A. Helman, administrators of the estate of Elmer E. Helman, deceased, and in the statement of claim it appears that Elmer E. Helman died October 21, 1936. The action was indexed against "Frank W. Helman and William A. Helman, Administrators of the Estate of Elmer E. Helman, deceased," as defendants.

Frank W. Helman and William A. Helman filed an appearance de bene esse, moved to quash the writ, and for grounds for such motion showed that Elmer E. Helman died testate; that the last will and testament was duly proved and admitted to record in the Office of the Register of Wills of Westmoreland County, Pa., in Will Book 28, page 469; that Frank W. Helman and William A. Helman were executors of the last will and testament of E. E. Helman, deceased, and were not the administrators of E. E. Helman, deceased.

On November 9, 1937, defendants filed a motion to quash the writ of summons and the service thereof on defendants.

On November 18, 1937, plaintiffs filed a motion to amend their writ of summons and the statement of claim so that the same should read as follows: "Frank W. Helman and William A. Helman, Executors of the Estate of Elmer E. Helman, deceased."

It is the contention of defendants' counsel that such an amendment cannot be allowed. It will be noted that E. E. Helman died October 21, 1936. The application to amend was made on November 18, 1937, more than one year after the death of E. E. Helman.

Section 15(a) of the Fiduciaries Act of June 7, 1917, P. L. 447, as amended by the Act of June 7, 1919, P. L. 412, sec. 1, 20 PS §521, provides:

"No debts of a decedent . . . shall remain a lien on the real estate of such decedent longer than one year after the decease of such debtor, unless within said period an action for the recovery thereof be brought against the executor or administrator of such decedent; and such action shall be indexed, within said period, against the

decedent and such executor or administrator, in the judgment index in the county in which such action is brought".

It being more than a year after the death of E. E. Helman, the question arises, can an amendment be made bringing on the record the executors of the last will and testament of E. E. Helman, deceased, in place of the administrators. Defendants do not contend that plaintiffs cannot bring a new action in the common pleas court against the executors of the E. E. Helman estate, but do contend that the rule as to amendments is clearly stated and plaintiffs have no right now to bring an action and have it indexed so as to create a lien against the estate of E. E. Helman, deceased.

"1. The institution, indexing, and prosecution of an action against the executor or administrator of a decedent's estate in the court of common pleas, under section 15(a) of the Fiduciaries Act of 1917, does not estop the creditor from presenting and proving his claim in the orphans' court or oust the jurisdiction of that court in respect of the claim.

"2. The effect of a judgment obtained by procedure in accordance with section 15(a) of the Fiduciaries Act of 1917 is not to create a lien collectible in the usual manner but only to continue against a decedent's real estate a lien already in existence, to be collected through the orphans' court, which has sole jurisdiction of the decedent's debts and the distribution of his estate": Devilbiss' Estate 21 D. & C. 489.

"Where the statute of limitations has run, amendments will not be allowed which introduce a new cause of action or bring in a new party or change the capacity in which he is sued": Girardi v. Laquin Lumber Co., 232 Pa. 1.

"2. Where the statute of limitations has run, amendments will not be allowed if they introduce a new cause of action or bring in a new party or change the capacity in which he is sued": Bahas v. Wilczek, 324 Pa. 212.

"3. Under the Act of 1917, indexing is as essential to the preservation of a creditor's right against a decedent's realty as is the commencement of the action": Negley v. Reiser, 324 Pa. 190.

"5. The requirements of section 15 (*a*) and (*d*) of the Act of 1917 are mandatory and must be strictly complied with if the lien of a judgment is to be preserved": Higgins' Estate, 325 Pa. 106.

In Higgins' Estate, supra, the Supreme Court at pages 111 and 112 said: " 'To successfully continue the lien of an ordinary debt against the decedent's estate there must be both the commencement of an action and its indexing by the prothonotary. While the failure to index, even though the action is commenced, relieves the property from the lien in the hands of an heir just as it does when a bona fide purchaser or third party is involved. . . .' See also *Kirk v. Van Horn*, supra. In *Brennan's Est.*, supra, suit was brought within a year from decedent's death, but not prosecuted to judgment, nor was the action indexed as required by section 15 (*a*), above referred to. This court held that (p. 511) 'by reason of such default the lien of the debt against the real estate of decedent was lost'. . . . But in any event proper indexing was essential for the preservation of appellant's lien, and this was wanting."

"1. Statutes limiting the time within which suit must be brought to continue the lien of debts of a decedent are statutes of limitations and repose and as such can be taken advantage of, not only by bona fide purchasers of the realty in question, but also by the heirs and devisees of decedent": Brennan's Estate, 277 Pa. 509.

"3. Where judgment is improperly entered on a scire facias to revive the lien of a judgment against a decedent after the prescribed period for revival, the court may not strike the scire facias off the record, but it should decree that the effect of the revival was not to create a lien on the real estate of decedent": Shareff, to use, v. Wolf et al., 120 Pa. Superior Ct. 227.

*Decree*

And now, June 20, 1938, after argument by counsel and upon careful consideration, it is ordered, adjudged, and decreed, as follows:

First: That plaintiffs' motion, filed November 30, 1937, to amend the writ of summons and statement of claim so that the same shall read, as follows:

"William Wilson Helman and Thomas L. Helman, surviving executors of the last will and testament of S. Grant Helman, deceased, vs. Frank W. Helman and William A. Helman, executors of the Estate of Elmer E. Helman, deceased, in place of William Wilson Helman and Thomas L. Helman, surviving executors of the last will and testament of S. Grant Helman, deceased, vs. Frank W. Helman and William A. Helman, administrators of the Estate of Elmer E. Helman, deceased"

be, and the same is hereby allowed, as of November 30, 1937; and it is further ordered, adjudged, and decreed that the institution of plaintiffs' suit against the estate of Elmer E. Helman, deceased, on October 20, 1937, shall not continue the lien of plaintiffs' claim thereon against the estate of the said Elmer E. Helman, deceased, after October 22, 1937 (one year after the date of the death of Elmer E. Helman, deceased).

Second: That the said writ of summons and the service thereof, on October 25, 1937, upon Frank W. Helman and William A. Helman, administrators of the real estate of Elmer E. Helman, deceased, be, and the same is hereby quashed; and that the index of the same, by the prothonotary, in the judgment index, is hereby stricken from the record, with leave to plaintiffs to amend their statement of claim, as prayed for, in order to establish their claim against Frank W. Helman and William A. Helman, executors of the estate of Elmer E. Helman, deceased, for the purpose only of presenting a judgment thereon to the orphans' court for allowance against the personal property which the said Frank W. Helman and

William A. Helman, executors of the estate of Elmer E. Helman, deceased, may possess.

Third: Plaintiffs to pay the costs of this proceeding.